LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.* PLEMONS.

EVANS, P. J. 1. A petition is not open to general demurrer which alleges that a defendant railroad company, at a point where the railroad crosses a public road and passes into and through the farm of a named person, constructed a cattle-guard in such a negligent and careless manner as to injure the plaintiff's horse by reason of such faulty construction.

2. The statute (Civil Code, § 2699) requires a railroad company to build and maintain "good and sufficient" cattle-guards on each side of every public road where the railroad crosses it. It is inaccurate to instruct the jury that the character of the cattle-guards should be such "as first-class roads use in the construction of their road;" but such inaccuracy of instruction will not require a new trial, where the evidence discloses that no point was made as to the sufficiency of the pattern or kind of cattle-guard employed in the present instance, but the whole case turned on the question whether it was negligence to lay the guards upon the track without fastening them in some way, and there was no evidence of the practice of "first-class roads" in this respect.

3. The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur.*
NOVEMBER 20, 1912.

Action for damages. Before Judge Fite. Murray superior court. October 23, 1911.

*D. W. Blair* and *C. N. King,* for plaintiff in error.

---

BAILEY *v.* McELMURRAY.

This case being for decision by a full bench of six Justices who are evenly divided in opinion, Fish, C. J., and Atkinson and Hill, JJ., favoring an affirmance, and Evans, P. J., and Lumpkin and Beck, JJ., favoring a reversal, the judgment of the court below stands affirmed by operation of law.
NOVEMBER 23, 1912.

Action for damages. Before Judge Daniel. Monroe superior court. August 28, 1911.

*Napier & Maynard* and *Bloodworth & Bloodworth,* for plaintiff. *Persons & Persons,* for defendant.