12197.   SAVANNAH & ATLANTA RAILWAY *v.* HART.

1. The court properly overruled the general demurrer to the petition, by which the plaintiff sought to recover damages because of failure of the railway company to maintain proper cattle-guards at the intersection of its tracks and an alleged private way established pursuant to law.

2. Some of the special grounds of the demurrer to the petition were erroneously overruled, but these errors, under all the facts of the case, were slight and do not require a new trial.

3. The verdict was authorized by the evidence, and none of the special grounds of the motion for a new trial shows reversible error.

DECIDED DECEMBER 13, 1921.   REHEARING DENIED JANUARY 18, 1922.

Action for damages; from Glascock superior court — Judge Walker.   December 30, 1920.

*Hitch & Denmark, E. P. & J. C. Davis,* for plaintiff· in error.
*J. C. Newsome,* contra.

LUKE, J.   This was a suit for damages alleged to have been occasioned by the defective condition of cattle-guards erected by the defendant railway company at the intersection of its tracks and an alleged private road or way.   It is conceded in the brief of counsel for the railway company that in such a suit it is immaterial whether the notice to build cattle-guards required by the Civil Code (1910), § 2699, was given where they were voluntarily built by the railroad company without such notice, at a public road, " or private way established pursuant to law." Under this concession and the facts of the case, the failure of the plaintiff to give the notice referred to was immaterial. The railway company, having voluntarily built the cattle-guards at the alleged private way over the plaintiff's land, is estopped from now saying that they were not erected at a " private way established pursuant to law. "   Having built the cattle-guards " for the. convenience of the plaintiff " as shown by the defendant's evidence, it was the duty of the railway company to build proper and effective ones and to keep them in good repair.   The general demurrer to the petition was properly overruled.   The court erred in overruling some of the special demurrers to the petition, but these errors, under all the facts of the case, were slight and do not require another trial.

The verdict was authorized by the evidence, and none of the special grounds of the motion for a new trial shows reversible error.

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*