## 22522. ELBERTON & EASTERN RAILROAD CO. *v.* CAMPBELL.

DECIDED DECEMBER 23, 1932.

*W. A. Slaton,* for plaintiff in error. *C. E. Sutton,* contra.

SUTTON, J. 1. J. W. Campbell brought suit in Wilkes superior court against the Elberton & Eastern Railroad Company for damages because of an injury to his mule when the mule atempted to cross a stock-gap or cattle-guard erected by the defendant at a way on the lands of the plaintiff where stock were in the habit of crossing, which was alleged by plaintiff to be defective and out of repair. The defendant demurred to the petition, upon the grounds that it did not show that the plaintiff was the owner of the legal title to the lands; that it did not set forth that the stock-gap was located at a public crossing, a private crossing established by custom according to law, or on the dividing line between plaintiff's lands and the lands of other persons; and that as it did not allege that the stock-gap was a stock-gap necessary to be erected, and in fact erected, to protect the lands of plaintiff, but was erected and maintained to connect a pasture fence of plaintiff and inclose his pasture, the duty of maintaining the same was therefore on the plaintiff and not on the defendant. The court overruled the demurrer, and to this judgment the defendant excepted pendente lite, and assigns error thereon in the present bill of exceptions.

(*a*) The petition alleged that the line of defendant's railroad ran through the lands of the plaintiff in Wilkes county and separated a stock pasture owned by him. These allegations were good as against a general demurrer that the petition did not show that the plaintiff was the legal owner of the lands where the stock-gap

was located. The word "owner" has no technical meaning,. and, by nomen generalissimum, should be construed liberally in favor of the parties whom the legislature intended to protect in passing the cattle-guard act. Ga. L. 1889, p. 58; *Hardin* v. *Chattanooga Southern R. Co.*, 113 *Ga.* 357, 359 (38 S. E. 839).

(*b*) The petition sets up that the cattle-guard was erected by the defendant at a place where stock were accustomed to cross in order to make such crossing safe for stock. Where a railroad company has voluntarily built a cattle-guard at an alleged private way over the plaintiff's land, it is estopped from thereafter saying that it was not erected at a private way established pursuant to law. *Savannah & Atlanta Ry. Co.* v. *Hart*, 27 *Ga. App.* 743 (110 S. E. 410).

(*c*) Even if the cattle-guard was not erected at a public crossing, a private way established by law, or on the dividing line between plaintiff's lands and the lands of other persons, after having erected the cattle-guard, it was the duty of the defendant to keep and maintain in repair a proper and sufficient cattle-guard or stock-gap at this place. Civil Code (1910), § 2701; *Savannah & Atlanta Ry. Co.* v. *Hart*, supra.

(*d*) It follows that the court properly overruled the demurrer to the petition.

2. The trial resulted in a verdict in favor of the plaintiff. The defendant's motion for a new trial was overruled, and the movant excepted.

(*a*) The jury were authorized to find that the cattle-guard was not properly erected, that its bars were sprung and warped so that an animal's foot would go between them and trap him, that plaintiff's mule got so caught therein, that the defendant had been notified of the defective condition of the cattle-guard and had not properly repaired it, and that there was a path or crossing at the place where the cattle-guard was erected by the defendant where people and stock were accustomed to cross. The jury were further authorized to find from the evidence that the plaintiff's mule was injured by the defective condition of the cattle-guard, which was erected by the defendant at a place which had been used for crossing the railroad line by stock and people, located on land to which the plaintiff claimed title. Moreover, if the cattle-guard was not located at a place where the defendant was estopped from setting

up that there was no private way, still, having erected the cattle-guard at a place on these lands, the defendant was under the duty to keep and maintain it in good repair. Civil Code (1910), § 2701; *Savannah & Atlanta Ry. Co.* v. *Hart,* supra.

(*b*) The charge of the court to the effect that the law places upon the defendant the duty, in reference to keeping a proper stock-gap, to use ordinary care and diligence to build and equip "the best stock-gap in general use, and to use reasonable care and skill in keeping the same in good order," was inaccurate. *L. & N. R. Co.* v. *Plemons,* 139 *Ga.* 67 (76 S. E. 562). However, the judge elsewhere in his charge repeatedly instructed the jury that the defendant was only under a duty to use ordinary care and diligence in keeping and maintaining a "good and sufficient" cattle-guard at this place, and this inaccuracy is not cause for a new trial. Furthermore, the evidence discloses that the defendant was notified of the defective condition of the cattle-guard and attempted to repair it.

(*c*) After having erected the cattle-guard in question, it was the duty of the defendant to maintain and keep the same in repair at its own expense, and it "was liable for damages resulting to the plaintiff occasioned by its failure to keep in good repair such cattle-guard."

(*d*) The plaintiff proved that it was his money that purchased the lands in question in this case, that he was in possession of the same and had been for several years, that he and no one else owned them, and that his daughter was going to deed them to him whenever she came from South Carolina. There was no question of any other person claiming the lands. However, regardless of the question of ownership of the land, the plaintiff alleged and proved that his mule was injured and damaged by the defective cattle-guard of the defendant, and, of course, no one else would have been authorized to bring this suit.

3. Furthermore, in *L. & N. R. Co.* v. *Plemons,* supra, it was held that "A petition is not open to general demurrer which alleges that a defendant railroad company, at a point where the railroad crosses a public road and passes into and through the farm of a named person, constructed a cattle-guard in such a negligent and careless manner as to injure the plaintiff's horse by reason of such faulty construction." The record in that case shows that the ac-

tion was brought by the owner of the horse against the railroad company, and that the owner of the horse was not the owner of the land where the cattle-guard was and through which the railroad passed. A general demurrer to the petition was overruled. The case proceeded to trial and the trial resulted in a verdict for the plaintiff. Both the judgment overruling the demurrer and the judgment overruling the defendant's motion for a new trial were affirmed by the Supreme Court.

4. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*