HAGAR, *alias* CLARK, *vs.* THE STATE OF GEORGIA.

1. The evidence is sufficient to convict the defendant, beyond any doubt, of having knowingly uttered the forged paper introduced, if it was legally admitted.

2. Although the date and signature of a forged paper may have been very badly written, yet if there was sufficient to make them mean what was charged in the indictment, it was for the jury to say whether the defendant, in uttering the paper, did so as of the date and with the signature so charged.

3. There was no error in the court's stating in the hearing of the jury that, "It seems to me that if it be shown by the evidence that the paper was a forgery, and that it was shortly afterwards found in defendant's possession, and that he uttered it as true, that the law will presume a knowledge on his part that it was forged. Indeed, I cannot see how else a knowledge that the paper was forged could well be proved." This was an expression of opinion as to the legal effect of certain facts, if proved, but not as to what was proved.

(*a.*) The verdict was required by the evidence, and in such cases, even if there be error in the charge, it will not necessitate a new trial.

February 9, 1884.

Criminal Law. Evidence. Forgery. New Trial. Before Judge HAMMOND. Fulton Superior Court. April Term, 1883.

Hagar was indicted for forging and uttering an order in the following words:

"Wm. Maddox, pay by $3.00 dollars for me, oblige

WM. ROWELL."

1883, April 19."

The evidence showed that this order was presented for payment to Maddox; that defendant stated that it was from Rowell and in his hand-writing, and that Rowell owed him, and not having the money gave him the order; that Maddox told defendant that his partner, who kept the money, was then absent, but defendant could leave the order, and if it was all right, it would be paid; that defendant left, and on returning to receive the money, was arrested; that Rowell did not in fact give the order.

Hagar, *alias* Clark, *vs.* The State.

When tendered in evidence, the year, "1883," and the signature appeared to be so badly written as to be almost, if not quite, illegible. Counsel for defendant objected to its introduction, on the ground that it did not correspond with the indictment. The objection was overruled and the paper admitted.

The jury found the defendant guilty. He moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court admitted the order in evidence.

(3.) Because, whilst the defendant's counsel was arguing the case to the jury and insisting that the defendant could not be legally convicted under the second count in the indictment, unless it was shown by proof that the paper set out in the indictment was forged, and that the defendant uttered it with a knowledge that it was forged at the time he uttered it, the presiding judge asked the defendant's counsel, in the presence and hearing of the jury trying the case, what would be the legal presumption in such a case; and after some altercation with the counsel, the presiding judge further remarked, in the presence and hearing of the jury, " It seems to me, that if it be shown by the evidence that the paper was a forgery, and that it was shortly afterwards found in the defendant's possession, and that he uttered it as true, that the law would presume a knowledge on his part that it was forged. Indeed, I cannot see how else a knowledge that the paper was forged could well be proved."—The objection was " that this announcement by the presiding judge was equivalent to an expression of an opinion by him that, under the proof, the defendant was guilty under the second count in the indictment, and was therefore error under the law."

The motion was overruled, and defendant excepted.

Geo. N. & D. P. Lester, for plaintiff in error

B. H. Hill, solicitor general, for the state.

JACKSON, Chief Justice.

Error is assigned on the refusal to grant a new trial to this defendant, who was convicted of forgery, because the court below erred in admitting the paper alleged to have been forged in evidence, and intimated an opinion on the evidence to the jury, and because the verdict is contrary to the law and the testimony.

1. The evidence is sufficient to convict the defendant, beyond any doubt, of having knowingly uttered the forged paper introduced in evidence, if it was legally admitted.

2. Was it legally admitted? The *fac simile* of the order is in the transcript of the record, and while in a very bad hand-writing, it may be made out to be what is plainly written out in the bill of indictment. Possibly it would have been better if the solicitor general had exercised his imitative powers and tried his hand at making a *fac simile*; but we do not think that the law requires him to write badly, and if the evidence *aliunde* enables him to decipher what the writing is, he should so write it out plainly—no other name being plainly intended by the bad writing of the forger. If the solicitor general had written it as badly as the forger did, he would have so written it as to conflict with section 4628 of the Code. It could not have been easily understood by the jury for want of plainness.

The word "Rowell," the surname of the man against whom the order was forged, and the year 1883, are badly written, but enough appears to make them mean what the solicitor plainly wrote them out. So that it was for the jury to say whether the defendant, in uttering the paper produced in evidence, did so as an order on Wm. Rowell, of the date of 1883; and of this the testimony is so overwhelming that the verdict was demanded. Neither John Forsyth, a distinguished ex-governor and senator from Georgia, nor the late Chief Justice Lumpkin, of this court, could write a better hand, or put letters together more plainly than did this defendant in this order; yet a

clerk, familiar with their handwriting, could easily decipher it and write out plainly each word.

It will not do to put a premium on bad hand-writing, and let every utterer of forged paper escape because the forger wrote badly. In the numerous cases cited by counsel for the plaintiff in error, a different name appears from that in the indictment, not a name or a figure badly written.

3. The alleged expression or intimation of opinion by the judge on the evidence is: " It seems to me that if it be shown by the evidence that the paper was a forgery, and that it was shortly afterwards found in defendant's possession, and that he uttered it as true, that the law would presume a knowledge on his part that it was forged. Indeed I cannot see how else a knowledge that the paper was forged could well be proven." It will be seen that the judge qualifies what he says with the little word "if;" *if* it be proved so and so, then the legal presumption or effect of that proof is the " *scienter*" of the defendant. It is not error that the court should tell the jury what the legal effect of evidence is. On the contrary, it is his duty to do so. He must not say or intimate what is or is not proved, but if facts be proved, then he may and should say what effect the law gives to the proof of such facts; and if the facts proved be the only way in which that legal effect or presumptive or logical conclusion in law can be reached, he may also tell the jury that. It will be a strong expression of opinion on the legal effect of facts when proved to the satisfaction of the jury, but it will not be either an expression or intimation of what has been proved to the satisfaction of the jury.

The evidence is overwhelming that the defendant is guilty, and where such is the case, even errors in the admission or rejection of testimony, or in the charge of the court, will not operate so as to require a new trial. 1 *Ga.*, 574; 10 *Ib.*, 429; 11 *Ib.*, 331; 14 *Ib.*, 43, 55, 145, 16 *Ib.*, 368; 24 *Ib.*, 333; 38 *Ib.*, 631; 42 *Ib.*, 587; 57 *Ib.*. 156; 44 *Ib.*, 383; 46 *Ib.*, 26; 48 *Ib.*, 498; 50 *Ib.*, 119; 52 *Ib.*, 597, 607; 56 *Ib.*, 365; 58 *Ib.*, 559; 59 *Ib.*, 199.

The above cases show a strong current of opinions against new trials where the verdict is right, though error may have been committed by the court, as well as judgments, where this court held that the expressions of opinion were not such as to require a new trial, being qualified by the word "if," or giving the legal effect of the facts proved.

Judgment affirmed.