## 7467. REESE *v.* THE STATE.

BROYLES, J. Extraordinary motions for new trials are not favored by the courts. In passing upon such a motion the trial judge is vested with a wide discretion, and his judgment upon the motion will not be disturbed unless an abuse of discretion is clearly manifest. In this case the extraordinary motion for a new trial was based upon alleged newly discovered evidence, which, in our opinion, seems to be merely cumulative and impeaching in its character, and no abuse of discretion appears in the overruling of the motion.	*Judgment affirmed.*

DECIDED JUNE 26, 1916.

Accusation of misdemeanor; from city court of Americus—Judge Harper. April 8, 1916.

*Wallis & Fort, L. J. Blalock,* for plaintiff in error.

*J. R. Williams, solicitor-general,* contra.

---

## 7480. METZ *v.* CITY OF MACON.

BROYLES, J. 1. The point, made in the brief of counsel for plaintiff in error, that there was no proof of the venue of the alleged crime can not be considered by this court, as no distinct allegation of failure to prove the venue was made in the petition for certiorari, and the point was not specifically raised either in the trial court (the recorder's court of the city of Macon) or in the superior court. Acts 1911, p. 149; Park's Penal Code, § 792 (a); *Marshman* v. *State,* 138 *Ga.* 864 (76 S. E. 562).

2. The judgment of the recorder was authorized by the evidence, and the judge of the superior court did not err in refusing to sanction the certiorari.	*Judgment affirmed.*

DECIDED JUNE 26, 1916.

Certiorari; from Bibb superior court—Judge Mathews. April 15, 1916.

*Napier & Maynard,* for plaintiff in error.

*W. D. McNeil, Roy W. Moore,* contra.