## 35054. BRANHAM *v.* THE STATE.

CARLISLE, J. Under an indictment charging him with assault with intent to murder, the defendant was convicted of shooting at another and sentenced to serve from two to four years in the penitentiary. His motion for a new trial, based solely on the general grounds, was denied, and that judgment was affirmed by this court in *Branham* v. *State,* 87 *Ga. App.* 415 (74 S. E. 2d 124), on January 17, 1953. The remittitur of this court was made the judgment of the trial court on September 25, 1953, but the defendant remained at liberty under bond until November 27, 1953, when, on a petition by the defendant submitted to the court, asking that he be paroled on account of his age and certain infirmities, the trial court instructed the sheriff to take the defendant into custody and at the same time ordered his bond released. On December 1, 1953, the defendant filed his extraordinary motion for a new trial, based on the grounds that certain evidence of an illegal and inflammatory nature had been admitted on his trial, which it was the duty of the trial court to have ruled out of its own motion; that the defendant was convicted on testimony that was glaringly contradictory; that the testimony of one witness on a material issue on the trial has been found to be false, although that witness has not been convicted of perjury; and that the defendant is being held and confined illegally under his original sentence of May 29, 1952. The trial court ordered the extraordinary motion for a new trial filed and a rule nisi issued. The solicitor-general acknowl-

edged service of the rule nisi. The court on December 18, 1953, heard evidence on the extraordinary motion, and on December 23, 1953, denied the motion. The case is here for a review of that judgment.

Extraordinary motions for new trial are not favored by the courts. In passing upon such a motion the trial court is vested with a wide discretion, and its judgment upon the motion will not be disturbed unless an abuse of discretion is clearly manifest. *Reese* v. *State,* 18 *Ga. App.* 289 (89 S. E. 303). This case has already been affirmed once by this court, and at that time no objection was made concerning the allegedly illegal and inflammatory evidence which was introduced on the trial. See, in this connection, *Frank* v. *State,* 142 *Ga.* 617 (83 S. E. 233); *Brown* v. *State,* 141 *Ga.* 783 (82 S. E. 238). There is no proof that the witness whose testimony is alleged to have been false has been convicted of perjury. *Burke* v. *State,* 205 *Ga.* 656 (54 S. E. 2d 350). The sentence imposed on May 29, 1952, was not rendered illegal by virtue of the defendant's continuing at liberty under bond after the remittitur of this court had been made the judgment of the trial court. *Hancock* v. *Rogers,* 140 *Ga.* 688 (79 S. E. 558). Under the foregoing authorities, the trial court did not abuse its discretion in denying the extraordinary motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MARCH 10, 1954.

*Jesse T. Edwards,* for plaintiff in error.