37246. CHERRY *v.* THE STATE.

Decided July 16, 1958—Rehearing denied July 31, 1958.

*Wesley R. Asinof,* for plaintiff in error.

*Paul Webb,* Solicitor-General, *John I. Kelley,* Solicitor, *Robert O'Neil, Hinson McAuliffe, Eugene L. Tiller,* contra.

GARDNER, Presiding Judge. 1. The defendant relies for a reversal upon the alleged incomplete charge to the jury on the subject of entrapment, and upon the general grounds.

(a) Insofar as the general grounds are concerned the evidence overwhelmingly supports the verdict as to each count.

(b) We will now discuss whether or not the record reveals an entrapment of the defendant. This court said in *Sutton* v. *State,* 59 *Ga. App.* 198 (2, 3) (200 S. E. 225): "It is no 'entrapment' to commit a crime where the officer merely furnishes an opportunity to a criminal who is ready to commit an offense. 'Entrapment' exists where the idea and intention of the commission of a crime originates with an officer of the State, and he, by undue persuasion, incitement, and deceitful means, induces the defendant to commit an act (in violation of the literal terms of the prohibition law), which the defendant would not have committed except for the conduct of such officer." In this connection see also U. S. *v.* Wray, 8 Fed. 2d 429. In *Sutton* v. *State,* supra, this court cited *Dalton* v. *State,* 113 *Ga.* 1037 (39 S. E. 468), and *Edmondson* v. *State,* 18 *Ga. App.* 233 (89 S. E. 189). In the body of the *Sutton* case the court said: "Entrapment is the seduction or improper inducement to commit a crime and not the testing by trap, trickiness, or deceit of one suspected. . . The discovery of crime and the procurement of evidence by deception are not prohibited. A trap may be set. . . The testimony merely that a witness purchased whisky with money furnished by an officer, and that the witness told the defendant that he 'had just gotten over a drunk and was feeling mighty bad and had begged him (the defendant) to sell me (witness) whisky' is not sufficient to raise the defense of entrapment. . . He committed a criminal act, and the evidence does not show that he did not exercise his own volition by so doing. . . The defendant was a suspected person and could be tested by being offered an opportunity to

transgress the law in such manner as is usually done. He was not put under an extraordinary temptation or inducement. Even if the statement of the witness to the defendant that he 'had just gotten over a drunk and was feeling mighty bad' be considered as a temptation to sell the liquor, this would be but a repetition of the first plea ever interposed in Paradise: ' "The serpent beguiled me and I did eat." That defense was overruled by the great Lawgiver, and whatever estimate we may form, or whatever judgment pass upon the character or conduct of the tempter, this plea has never since availed to shield crime or give indemnity to the culprit, and it is safe to say that under any code of civilized, not to say Christian, ethics, it never will.' . . . If an officer of the law has reason to believe that the law is being violated, he may proceed to ascertain whether those who are thought to be doing so are actually committing a criminal offense. If an officer acts in good faith in the honest belief that the defendant is engaged in an unlawful business, of which the offense charged in the indictment is a part, and the purpose of the officer is not to induce an innocent man to commit a crime but to secure evidence upon which a guilty man can be brought to justice, the defense of entrapment is without merit. In other words, if, at the time in question and at the time of the solicitation for the sale of whisky, the defendant was engaged in the business of selling and possessing intoxicating liquor, it is no defense for him that he was merely induced by solicitation and misrepresentation to sell or possess such prohibited liquor." In *Miller v. State,* 69 *Ga. App.* 847 (26 S. E. 2d 851) this court cited approvingly *Hagar v. State,* 71 *Ga.* 164. In the *Hagar* case (headnote 3a) this court said: "The verdict was required by the evidence, and in such cases, even if there be error in the charge, it will not necessitate a new trial." See also *Green v. State,* 153 *Ga.* 215 (4) (111 S. E. 916), *Cason v. State,* 16 *Ga. App.* 820 (4) (86 S. E. 644), and *Wood v. State,* 32 *Ga. App.* 58 (122 S. E. 722).

There is no reversible error in any of the rulings of the court. *Judgment affirmed. Townsend and Carlisle, JJ., concur.*