## 28410. ECHOLS v. THE STATE.

ARGUED NOVEMBER 15, 1973 — DECIDED JANUARY 28, 1974.

*Leonard Cohen,* for appellant.

*William H. Ison, District Attorney, J. W. Bradley, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Michael Dyer, Assistant Attorneys General,* for appellee.

GRICE, Presiding Justice. This appeal by Philip Michael Echols is from the judgment of conviction in the Superior Court of Clayton County for rape and murder and sentences of twenty years imprisonment and life imprisonment respectively. The appeal recites that his motion for new trial was overruled on a specified date. However, the denial of a motion for new trial is not enumerated as error.

Since no issue is presented in this appeal as to the sufficiency of the evidence to support the verdict it is not necessary to set forth a full recital of the facts and circumstances surrounding the events involved here.

The facts that are deemed to require mention are those which follow.

The victim was abducted on December 5, 1971, from the parking

lot of a department store in Fulton County, Georgia, by the appellant Echols and Erlich Coker. They took her in Coker's automobile to a partially secluded area in Clayton County. There she was forcibly raped by these men, and killed by one of them as the result of multiple stab wounds. Her nude body was left there. It was found by accident on the following day.

The appellant was arrested by personnel of the Georgia Division of Investigation, hereinafter referred to as the DOI, on September 27, 1972, at approximately 10:30 or 11:00 p. m. at a service station in DeKalb County where he was working. He was taken first to the DeKalb County Police Station and then to the DeKalb County Jail.

Following his arrest, but before being questioned, the appellant was advised of his constitutional rights by these DOI agents. He then signed a waiver of counsel agreement. Later that night he made an oral incriminating statement which was recorded on a casette tape. At about noon of the following day after being taken to State Patrol Headquarters in Fulton County, he signed a written statement transcribed from the tape.

Subsequently, Coker was apprehended. Thereafter both of these men were indicted by the grand jury of Clayton County. Coker pled guilty and received a life sentence for the murder and a 20 year sentence for the rape.

Upon the trial of the appellant, Echols and Coker corroborated each other as to the important events of the abduction and sexual intercourse with the victim. However each charged that the other stabbed her to death.

Also upon the trial the appellant challenged the validity of the statement previously given by him to the DOI agents. However, after a Jackson-Denno hearing the trial judge determined that it was freely and voluntarily given and ruled that it was admissible in evidence.

The appellant made an unsworn statement in which he denied that he killed the victim and in which he said Coker killed her.

After the verdict of guilty the appellant was sentenced to life imprisonment for murder and 20 years for rape.

In his appeal the appellant enumerates three errors.

■ The first enumeration of error complains of admitting in evidence the testimony of the coindictee Coker.

The appellant urges that Coker, an accomplice, testified in behalf of the State; that he was promised immunity from further prosecution by the State in open court but not in the presence of the jury; that the jury was never informed of this promise; and that

such testimony should not have been admitted into evidence because the state had not informed the jury of the promise.

For support of this contention the appellant relies upon *Allen v. State,* 128 Ga. App. 361 (196 SE2d 660) which recites that it is controlled by Giglio v. United States, 405 U. S. 150 (92 SC 763, 31 LE2d 104). This contention, in our view, is not valid for several reasons. In order to appraise it, however, it is necessary to refer to some of the events leading up to the admission of the evidence complained of.

Erlich Coker, whose testimony is involved in this enumeration, was called to testify as a state's witness. After answering only a few questions, he refused to testify upon the ground that his lawyer was not present.

The jury was then excluded and a colloquy ensued among the judge, the state's attorney and defense counsel.

Then, after the witness had again stated that his reason for not testifying was that his lawyer was not present, the judge ruled that this was not a valid reason for not testifying. He sought to ascertain if the witness had any other reason for not testifying. The judge advised the witness that he would not incriminate himself by testifying since the District Attorney had stated in open court that there were no crimes for which he could be prosecuted in Clayton County other than the rape and murder; and that he had already been told that he would not be prosecuted in Fulton County on the armed robbery offense. The jury returned, the witness persisted in refusing to testify and the judge found him in contempt. However, on the following day, after having talked with his lawyer, the witness testified fully as to the events involved in the prosecution of the appellant.

From the foregoing, it is apparent that the Giglio and *Allen* cases are not applicable here.

In each of them the witness testified *in return for* a promise which would result to his benefit. In Giglio he was promised that if he testified for the government he would not be prosecuted; and in *Allen* he was promised a recommendation for a short or probated sentence if his testimony was "helpful to the state." In essence, a bargain was made.

In this connection the gist of Giglio is that "Taliento's credibility as a witness was therefore an important issue in the case, and evidence of any understanding or agreement as to a future prosecution would be relevant to his credibility and the jury was entitled to know of it." 405 U. S. 150, 154, supra. *Allen* has similar

language. 128 Ga. App. 361, 363, supra.

In the present case no such understanding or agreement was made. The witness was merely advised that refusal to testify could not be validly based upon the possibility of incrimination in view of the section of the Criminal Code of Georgia relating to multiple prosecutions for the same conduct (Ga. L. 1968, pp. 1249, 1267; Code Ann. § 26-506); and that therefore he must testify. No benefit resulted to the witness here, since he had already pled guilty and had been sentenced.

Thus for this reason alone, it is clear that the testimony given by this witness is not subject to the objections made upon this ground.

There is a second reason, equally compelling, as to why such evidence was admissible. In the Giglio and *Allen* cases the testimony of the witness was necessary for a jury to find the accused guilty. He was the only eyewitness to the crime. There were no incriminatory statements. In Giglio, the Supreme Court said, "Here, the Government's case depended almost entirely on Taliento's testimony; without it there could have been no indictment and no evidence to carry the case to the jury." 405 U. S. 150, 154, supra. The same is held in the *Allen* case, but not so here.

In the present case the evidence of the witness Coker cannot be regarded as necessary for conviction. Besides this witness' testimony the state's evidence included the incriminating oral statement made by the accused on the night of the arrest, which was later reduced to writing and signed, in which he admitted his complicity in the crimes. This statement was ruled upon in the Jackson-Denno hearing to have been freely and voluntarily made and therefore was properly admitted in evidence. Thus the jury's verdict of guilty here was supported by evidence other than testimony which was objected to.

There is a third reason. In Giglio and *Allen* the accused was not knowledgeable of any agreement against future prosecution. However, in the instant case the accused and his counsel were put on notice of the statements by the judge and district attorney and appellant, through his counsel, could have cross examined the witness as to this feature when he gave testimony of the events relating to the crimes. In the instant case the appellant should not have been permitted to stand idly by without attacking the witness' testimony as to this feature.

■ The second enumeration is that the trial court erred in

admitting the statement into evidence. He contends that it was unlawfully obtained while he was detained in a police station in a county other than the one in which the crimes were committed and therefore it should not have been admitted into evidence.

The appellant argues that the Georgia Criminal Procedure Code (§ 27-209; Ga. L. 1865-66, pp. 38, 39; 1895, p. 34) makes it the duty of an arresting officer to carry the accused with the warrant under which he was arrested to the county where the crimes were committed; but this was not done in the instant case since the crimes were allegedly committed in Clayton County and Fulton County, and not in DeKalb County where the statement was made.

He relies upon two United States Supreme Court decisions, Mallory v. United States, 354 U. S. 449 (77 SC 1356, 1 LE2d 1479); and McNabb v. United States, 318 U. S. 332 (63 SC 608, 87 LE 819). However, these deal with special legislation enacted as to a federal criminal statute requiring procedures which are not applicable to our state courts.

Nowhere in appellant's argument as to this enumeration is there any contention that this statement was coerced or involuntary. As pointed out above, its validity was sustained by the Jackson-Denno hearing.

Valid statements such as this should not be rejected merely because they were obtained in a county other than that where the offenses were committed. See *Smith v. State,* 218 Ga. 216 (5) (126 SE2d 789) (one Justice dissenting).

There is no merit in this enumeration.

■ The third enumeration of error asserts that the court erred in charging the jury that the appellant could be punished by death. He insists that punishment by death was not authorized by any statute then in effect, since the death penalty was held unconstitutional in Furman v. Georgia, 408 U. S. 238 (92 SC 2726, 33 LE2d 346); and that the crimes here were committed on December 5, 1971, before the enactment on March 28, 1973, of Ga. L. 1973, p. 164 (Code Ann. § 27-2534.1), the new death penalty statute. He argues that the crimes must be construed and punished according to the law as it existed at the time the crimes were committed.

There can be no possible merit in this contention since the appellant was not sentenced to death. In this situation the appellant lacks standing to make this attack as to giving in charge the presently existing Georgia statute relative to the imposition of the death penalty. *Gaston v. Caldwell,* 229 Ga. 255 (1) (190 SE2d 54);

*Hobbs v. State,* 229 Ga. 556 (1) (192 SE2d 903).

■ The remaining argument made by the appellant is not founded upon any enumeration of error.

He argues that unlawful evidence against him was admitted by the court; and that he should not have been forced into gambling that an appeal would correct the error. He therefore maintains that he was required to testify under oath rather than to remain silent. This contention is not borne out by the record. The appellant did not testify under oath but made an unsworn statement. No further treatment is required of this contention.

Upon examination of the record and consideration of all contentions made therein, we find no error.

*Judgment affirmed. All the Justices concur. Gunter, J., concurs in the judgment only.*