## 49779. GIBSON v. THE STATE.

STOLZ, Judge.

Marion Gibson appeals his conviction on two counts of violating the Georgia Uniform Narcotic Drug Act. The sole enumeration of error argued in the appellant's brief or before this court, is that the trial judge erred in failing to charge the jury on the law and defense of entrapment.

1. Enumerations of error 1, 2, 3, 4 and 5 are deemed abandoned for the reason aforesaid.

2. "A person is not guilty of a crime if by entrapment his conduct is induced or solicited by a government officer or employee, or agent of either, for the purpose of obtaining evidence to be used in prosecuting the person for commission of the crime. Entrapment exists where the idea and intention of the commission of the crime originated with a government officer or employee, or with an agent of either, and he, by undue persuasion, incitement, or deceitful means, induced the accused to commit the act which the accused would not have committed except for the conduct of such officer." Code Ann. § 26-905 (Ga. L. 1968, pp. 1249, 1274).

The evidence presented by the state showed that the defendant had been regularly engaged in the illegal sale

of narcotics and that he had made specific sales to state narcotic agents. In his testimony, the defendant specifically denied any such drug sales or ever dealing in drugs.

"An officer may not induce persons who would not otherwise commit a crime to violate the law and then prosecute them for it. An officer should not lead a man into crime, thereby making him a criminal merely to punish him. 'Entrapment is the seduction or improper inducement to commit a crime and not the testing by trap, trickiness, or deceit of one suspected.' U. S. v. Wray, 8 Fed.(2d) 429. The discovery of crime and the procurement of evidence by deception are not prohibited. A trap may be set. *Dalton v. State,* 113 Ga. 1037 (39 SE 468); *Edmondson v. State,* 18 Ga. App. 233 (89 SE 189). 'A suspected person may be tested by being offered an opportunity to transgress in such a manner as is usual therein but may not be put under extraordinary temptations or inducements.' U. S. v. Wray, supra...If an officer of the law has reason to believe that the law is being violated, he may proceed to ascertain whether those who are thought to be doing so are actually committing a criminal offense. If an officer acts in good faith in the honest belief that the defendant is engaged in an unlawful business, of which the offense charged in the indictment is a part, and the purpose of the officer is not to induce an innocent man to commit a crime but to secure evidence upon which a guilty man can be brought to justice, the defense of entrapment is without merit." *Sutton v. State,* 59 Ga. App. 198, 199, 200 (200 SE 225). See also *Cherry v. State,* 98 Ga. App. 107 (1) (104 SE2d 694).

In other words, if, at the time in question and at the time of the solicitation for the sale of narcotics, the defendant was engaged in the business of selling and possessing narcotics, it is no defense for him that he was merely induced by the solicitation and misrepresentation to sell or possess such narcotics. See *Cherry,* supra, p. 110.

Moreover, here the defendant contended that he had not participated in the offense charged. Under such circumstances, the trial judge did not commit reversible error in failing to charge on "entrapment." *Sutton v.*

70

*State,* supra (4).

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

SUBMITTED OCTOBER 1, 1974 — DECIDED OCTOBER 17, 1974.

*Albert G. Ingram,* for appellant.
*Richard E. Allen, District Attorney,* for appellee.