## 50285. CAULEY v. THE STATE.

WEBB, Judge.

An extraordinary motion for new trial filed by Leroy Cauley, Jr., who had been convicted on February 15, 1973 in Muscogee Superior Court for selling "drugs of abuse" (Code Ann. § 79A-901 et seq.) was overruled; on a rehearing it was again overruled; and from these denials he appeals to this court. Cauley asserts as his grounds for the extraordinary motion that Walter Williams, who was a witness for the state at the time of Cauley's trial, was jointly arrested and charged with Cauley, but has never been indicted, tried or otherwise had any disposition of his case by the district attorney, and that this failure of the state "to prosecute the co-defendant Walter Williams is clear evidence that an agreement or understanding is in effect relative to the non-prosecution . . . ," "that the failure to disclose to the trial jury . . . an agreement or understanding between the State of Georgia and Walter Williams and/or his attorney is grounds for a new trial . . .," that the testimony of Walter Williams "was an essential and material part of the case against him presented by the State of Georgia" and that had such been disclosed to the jury there probably would have been a different result. Cauley enumerates as error that the denial of his extraordinary motion was in violation of the due process clause of the Fourteenth Amendment of the United States Constitution, and that the denial of bail to him pending a disposition of this appeal "is a clear abuse of judicial discretion."

Cauley had previously appealed his conviction to this court. *Cauley v. State,* 130 Ga. App. 278 (203 SE2d 239). Rehearing was denied by this court, certiorari was denied by the Supreme Court of Georgia, and that court denied a motion for reconsideration of its initial denial. Cauley's application to the Supreme Court of the United States likewise was denied on October 15, 1974. Cauley v. Georgia, — U. S. — (95 SC 140, 42 LE2d 117). So, with that denial Cauley's able and persistent counsel had about run the gamut of appellate review, but not being astonied he filed on November 18, 1974 this extraordinary motion for new trial. *Held:*

1. Cauley seeks to show some contradiction in the district attorney's stated reasons for not having Walter Williams indicted and brought to trial. At the trial, Cauley's counsel asked Williams, a witness, why he wasn't on trial. The district attorney interposed, "Your Honor, that's irrelevant — why he's not on trial today is because I don't want to try him today." At the hearing on the extraordinary motion, the district attorney said, "I state in my place as district attorney of this circuit that prior to the trial I made no promises to either Mr. Williams or his counsel, who was Mr. Hodges . . . I went out of my way to avoid that — making any promises or any conversation that would incline him to think that there was going to be any deal . . . We have not tried him, and I doubt if we can ever try him. The witness from the State Crime Laboratory, Miss Judy Powell, as Your Honor knows, and Mr. Martin knows has left the state. We haven't been able to get her back here on a number of cases." After the extraordinary motion was overruled, counsel for Cauley telephoned and wrote to Miss Powell in Ann Arbor, Michigan, who in turn wrote the trial judge that if this Williams case "requires my presence I would be willing to go to Columbus provided my transportation and expenses were provided and my wages reimbursed." The only new "evidence" as to the absence of a trial of Mr. Williams are the statements indicating that Miss Powell, being out of the state, was not available, and her letter that she was available upon certain conditions.

Even if there is some variance in the district attorney's statements, which in itself does not have this court's approbation, we find no error in the trial court's overruling the extraordinary motion for new trial. The issue on the trial of Cauley as to Williams was the credibility of the latter as a witness, and that very issue as well as others which Cauley now seeks to have this court pass upon was fully considered and adjudicated by this court previously. As this court said before, speaking through the late Judge Eberhardt, "We agree that if there had been an understanding or agreement between the prosecuting attorney and the witness that in return for his testimony here immunity or leniency would be extended to him with respect to charges pending against him, *that is*

*a matter which would go to his credibility,* about which the jury is entitled to know, and that in that situation a duty rests upon the state to inform the jury of the arrangement. *Allen v. State,* 128 Ga. App. 361 (196 SE2d 660). On cross examination defendant's counsel asked the witness whether he had received any threats of being turned over to the Federal government if he did not assist the state, and he answered that he had not; asked why he was not himself on trial, he answered that he did not know; and asked whether anybody had promised to 'go easy on him' if he helped the state, he replied that 'they have not.' *The issue of credibility was thus before the jury and the jury could not have been unaware that the witness had assisted the officers in making the purchases of drugs and was assisting the state by presenting his evidence." Cauley v. State,* 130 Ga. App. 278, 296, supra. (Emphasis supplied.)

2. Further, "extraordinary motions for new trials are not favored by the courts. In passing upon such a motion the trial judge is vested with a wide discretion, and his judgment upon the motion will not be disturbed unless an abuse of discretion is clearly manifest. In this case the extraordinary motion for a new trial was based upon alleged newly discovered evidence, which, in our opinion, seems to be merely cumulative and impeaching in its character, and no abuse of discretion appears in the overruling of the motion." *Reese v. State,* 18 Ga. App. 289 (1) (89 SE 303); *Branham v. State,* 89 Ga. App. 723, 724 (81 SE2d 9).

There is no merit in the grounds urged by Cauley for a reversal of the trial court's judgment overruling the extraordinary motion for a new trial.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

Argued March 3, 1975 — Decided March 17, 1975.

*Martin, Kilpatrick & Davidson, Frank K. Martin,* for appellant.

*E. Mullins Whisnant, District Attorney,* for appellee.