## 50589. RUCKER v. THE STATE.

MARSHALL, Judge.

Appellant has filed his appeal from a conviction of possession, distribution and sale of Lysergic Acid Diethylamide (LSD) in violation of the Georgia Drug

Abuse Control Act (Code Ann. § 79A-801 et seq.), asserting errors in (1) the sufficiency of the evidence, (2) denial of a continuance to obtain a new jury venire, (3) a charge on entrapment, and (4) a charge on the jury's duty to convict. Appellant's fifth enumeration of error has been abandoned in this appeal. (Rule 18 (c) (2), Rules of the Court of Appeals, as amended.) *Held:*

1. The first enumeration alleges the judgment is not supported by the evidence and for that reason the trial court erred in overruling a motion for a directed verdict of acquittal. The transcript discloses that a female GBI undercover agent had conversations with appellant about the purchase of cocaine, but appellant stated he had none and offered her a sale of marijuana. The agent declined the offer of marijuana but inquired as to a possible purchase of "chemicals," a term in the local drug culture referring to LSD or other hallucinogenic drugs. Appellant indicated that only one person in the area dealt in "acid" but that if the agent would meet appellant at a local nightclub in about an hour, he would "set up the deal." The agent and another law enforcement officer went to the arranged meeting place. Within a few minutes of their arrival, appellant arrived in the company of a male companion named Penland. He introduced Penland to the agent stating that she was "cool," meaning a safe contact. Thereafter, the agent, outside the presence of appellant, negotiated the purchase of a quantity of LSD from Penland. Penland stated he would not be "dealing" if he had not received the assurances of appellant that the agent was "cool."

Such evidence supports the verdict of the jury. Though the sale of LSD was committed by another, appellant was actively involved in "turning the purchaser on" to the seller and was present at the nightclub, aiding and abetting in the felonious design. See Criminal Code, Ga. L. 1968, pp. 1249, 1271 (Code Ann. §§ 26-801, 26-802); *Porter v. State,* 200 Ga. 246, 254 (36 SE2d 794); *Nelson v. State,* 187 Ga. 576, 580 (1 SE2d 641).

2. The second enumeration complains the trial judge erred in denying appellant's motion for a continuance and for additional peremptory strikes. Appellant had been tried and acquitted two days earlier upon a conspiracy

charge. The day before his second trial, a trial had occurred in the same court in which appellant's name and business ventures were mentioned several times. Most of the veniremen in appellant's second trial had been spectators of one or both of the earlier trials or had been on the jury of the intervening trial the day before appellant's second trial. Appellant moved to continue his second trial until a new venire could be assembled. Additionally, because he had utilized most or all of his peremptory strikes to discharge prospective jurors who already knew of appellant and his character, appellant requested two extra peremptory challenges which the trial judge denied.

At trial, an extensive voir dire was granted, covering some 65 pages of the transcript. The statutory voir dire questions were propounded to all jurors, and thereafter each juror was questioned individually by the defense counsel and the court. Some jurors were excused for cause, some peremptorily challenged and others were accepted as jurors on the trial of the case. Appellant accepted as jurors some of those persons who were aware of his name and character without challenge and excused others. Each juror seated answered affirmatively a question propounded by the court to the effect that if the juror was selected and seated in the jury box and took an oath as a juror, he or she could and would conscientiously under that oath decide the case on the evidence presented and under the law given by the court, disregarding anything he or she might have heard or seen and yield any opinions previously formed. There can be no question the 12 jurors seated were qualified. See *Butler v. State,* 231 Ga. 276 (201 SE2d 448).

Under the law, an accused in a felony case is entitled to a panel of 42 jurors (Code Ann. § 59-801) and to challenge peremptorily 20 of the impaneled jurors (Code § 59-805). Appellant was afforded these rights. The provisions of these sections of the Georgia Code comport with the accepted standards of the jury selection. As was stated in United States v. Puff, 211 F2d 171, 184, ". . . the fundamental theory [is] that the American jury should be composed of impartial jurors. As a result, a party is entitled to an array of impartial jurors to which he may direct his peremptory challenges. To this a party is

entitled as of right. But granted this, a party is entitled to no more. Having no legal right to a jury which includes those who because of scruple or bias he thinks might favor his cause, he suffers no prejudice if jurors, even without sufficient cause, are excused by the judge. Only if a judge without justification overrules a challenge for cause and thus leaves on the panel a juror not impartial, does legal error occur."

Even if a new venire might have been available within a few days, this does not justify the delaying of a criminal trial in progress since the entitlement of a party extends only to a fair and impartial jury; the right to reject, not select. State v. Moran, 142 Mont. 423 (384 P2d 777); People v. Collins, 105 Cal. 504 (39 P 16). See also, *Grasham v. Southern R. Co.,* 111 Ga. App. 158, 161 (141 SE2d 189). The trial transcript reflects that appellant received all to which he was entitled: a fair and impartial jury of 12 selected from a full panel following full participation in an extended voir dire involving the full use of peremptory challenges allowed by the statute. Appellant could demand no more.

3. The third enumeration alleges that the following statement in the judge's instructions to the jury was error. ". . . The defense in this case of entrapment would be without merit." The entire charge on this subject, however, was as follows: "If the officer acts in good faith and in the honest belief that the defendant is engaged in the unlawful business of which the offense in the indictment is a part, and the purpose of the entrapment is not to induce an innocent man to commit the crime but secure evidence upon which a man who has previously been guilty of an offense of the kind charged can be brought to justice the defense in this case of entrapment would be without merit." Appellant requested a charge on entrapment in the language of the Criminal Code, Ga. L. 1968, pp. 1249, 1274 (Code Ann. § 26-905). That requested charge was submitted to the jury without change.

The charge as a whole as given was a correct statement of the applicable law. *Sutton v. State,* 59 Ga. App. 198, 199 (200 SE 225); *Merritt v. State,* 110 Ga. App. 150 (137 SE2d 917). That portion of the charge to which exception is made has been lifted from its context

and is incomplete. Where an excerpt from a charge appears incomplete when isolated from its context, but when construed with the remainder of the charge the completeness is supplied and a clear and correct legal proposition is presented to the jury, there is no error. *Geter v. State,* 219 Ga. 125, 134 (132 SE2d 30), citing *Spence v. Morrow,* 128 Ga. 722 (58 SE 356); *Glover v. Maddox,* 98 Ga. App. 548 (106 SE2d 288); *City Council of Augusta v. Tharpe,* 113 Ga. 152 (38 SE 389); *Central of Ga. R. Co. v. Cole,* 135 Ga. 72 (68 SE 804).

4. The final error asserted on appeal is that the court erred in charging ". . . if the jury finds and believes to a moral and reasonable certainty, and beyond a reasonable doubt, that the defendant committed the offense charged in the indictment or is guilty of an offense for which a verdict of guilty could be returned, it would be your duty to convict him and return a verdict of guilty accordingly."

Apparently appellant contends the court erred in stating to the jurors they could find appellant guilty of the offense charged in the indictment or of some other offense for which a verdict of guilty could be returned, even though no other offense was charged. Such an interpretation strains the clear meaning of the words used. It is apparent the court was merely restating in simple language the doctrine of reasonable doubt as to the only offense involved, for the jurors had been instructed only as to the offense charged in the indictment.

Taken as a whole, the charge on duty to acquit and duty to convict is a well balanced charge and the jury was properly and correctly instructed as to which verdict they were authorized to return. "It is not necessary, in considering a charge, to strain its reasonable intendment by problematical adverse constructions, but if it is sufficiently clear to be understood by jurors of ordinary capacity and understanding, this is all that is required." *Roberts v. McClellan,* 80 Ga. App. 199, 205 (55 SE2d 736); *Georgia Railroad v. Thomas,* 73 Ga. 350, 356. We hold the charge in this case met those standards.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

SUBMITTED MAY 5, 1975 — DECIDED JULY 16, 1975.

*Myers, Mull & Sweet, Gale W. Mull,* for appellant.
*Jeff C. Wayne, District Attorney,* for appellee.