29881. JOHNSON et al. v. THE STATE.

GUNTER, Justice.

This appeal is from convictions for armed robbery and aggravated assault. Enumerated errors 1 and 2 are determined adversely to the appellants here by Divisions 1 and 2 of *Haralson v. State,* 234 Ga. 406 (216 SE2d 304). (May 13, 1975).

The third enumerated error is: "The court erred in overruling the objections of defendant as to the State asking defendant Johnson about whether he told the police where he was at the time of the robbery. (T-133, 134, 135 and 156)." The appellant's argument in his brief

on this issue contends that the trial court erred in overruling defendant's objections to the state asking the defendant Johnson questions which violated his right to remain silent. The brief then recites four questions asked the appellant on cross examination which are found at pp. 133-136 of the transcript.

We quote the pertinent part of the transcript: "Q. All right. You didn't tell the police that when you were arrested? Mr. Dorsey: Your Honor, I object. That's entirely improper. The Witness: The police didn't ask me. By Mr. England: Q. Mr. Johnson, today on the stand is first time you ever said in public anything about where you were on May 18th. Mr. Dorsey: Your Honor, I object. The Court: What's the objection? Mr. Dorsey: I object to the last question. The Court: What was the last objection? Mr. Dorsey: The objection is he keeps trying to go into what he said to the police or didn't say to the police at the time he was arrested. The Court: Overrule the objection. By Mr. England: Q. Isn't it a fact that today on the stand, Mr. Johnson, is the first time you told anybody other than your lawyer where you were on May 18th, isn't that a fact? A. No, it's not a fact. Q. Whom else have you told? A. I was asked when the police—Mr. Dorsey: Your Honor, I would object to this on the grounds that he's under no duty to tell anyone else except his attorney, to prepare his defense. The Court: That's not the point. Overrule the objection. By Mr. England: Q. Whom else did you tell where you were on May 18th? A. I was asked by the detective when they carried me down to the police station, where was I on the night of the robbery. Q. You didn't tell them that you were at home, did you? A. I told them that's the only place I could have told. Q. Do I understand you to say that you told a detective, that on May 18th you were at home? A. If they asked, that's what I tell them. Q. Now what detective are you testifying that you told this to? A. To one that you were talking to this morning. Q. That left out of here earlier? A. I don't know his name, but I know him when I see his face. Q. That's Detective Miller? A. I believe so. I don't know his name. Yes, that's him right there (indicating). Q. This gentleman right here? A. Right. Q. All right, sir. Now, your testimony is that you told Mr. Miller on the 19th of June that on the 18th you had been at

home? A. If he asked, that's what I told him. I don't remember if he asked, but if he did ask that would have been what I told him. Q. Well, do I understand you now to say that you don't know whether you told him or not, but it's based on whether he asked? A. If he asked me that question, because that's what I had to tell him, that, because that's the only place I know I was. Q. But just a little while ago you said in fact you did tell. A. No. I said if he asked. Q. Which of those is true? A. If he asked where I was on the 18th of May I would have told him at home, because I didn't have no place to tell where I was. Q. Isn't that correct, that you in fact did not tell? A. No, has to be, if he asked the question. Q. Your testimony is, you don't know whether you told him or not, is that right? A. No, I don't."

On the basis of these questions asked, these questions answered by the defendant, and the objections made, we conclude that no contention was made by the appellant or his counsel that he had remained silent when arrested.

Under the facts of this case the rule enunciated by this court in *Johnson v. State,* 151 Ga. 21 (105 SE 603) (1921) is not applicable; nor is the rule recently announced by the Supreme Court of the United States in United States v. Hale — U. S. — (95 SC 2133, 45 LE2d 99) (June 23, 1975); applicable in this case. This enumerated error is without merit.

The appellant's fourth enumerated error is also wholly without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 24, 1975 — DECIDED SEPTEMBER 30, 1975 — REHEARING DENIED OCTOBER 16, 1975.

*Jack Dorsey,* for appellants.

*Lewis R. Slaton, District Attorney, Carter Goode, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Deputy Assistant Attorney General,* for appellee.