## 51578. JACOBS v. THE STATE.

MARSHALL, Judge.

Appellant Jacobs was indicted, tried, and convicted of the offense of robbery by intimidation. He was sentenced to a term of 15 years, 13 to be served in the penitentiary, followed by two years probation. He appeals the conviction, enumerating four alleged errors. *Held:*

1. The first enumeration alleges error by the trial court in overruling a motion for new trial on the special ground that evidence adduced by the state concerning an oral statement made by Jacobs while in custody was unlawfully admitted to the jury as being in violation of his rights against self-incrimination.

The evidence clearly shows Jacobs on two occasions shortly after the bank robbery involved was given the full warning of Miranda rights by interrogating law

enforcement officials. He does not contest that fact. The evidence further reflects that Jacobs elected not to sign a "waiver" form following advisement of his rights. After he was advised of his right to silence a second time, Jacobs was allowed to make several telephone calls. After the last call, without being asked any further questions, Jacobs blurted out he had robbed the bank. It appears probable, therefore, that this statement was the result of the telephone conversations rather than as the result of questioning.

The trial judge conducted a Jackson-Denno hearing to determine the admissibility of any statements made by Jacobs and ruled in favor of admissibility. It is apparent that the admission of guilt was not the product of interrogation but was a spontaneous statement of the appellant and therefore admissible. See *Shy v. State,* 234 Ga. 816, 822 (218 SE2d 599), citing People v. Jenkins, 131 Ill. App. 2d 49 (268 NE2d 198) (1971).

2. In his second enumeration, appellant complains the trial court erred in denying his motion for a mistrial and a new trial because the state's attorney commented upon appellant's exercise of his constitutional right to silence. The objection was actually to the testimony of one of the state's witnesses that Jacobs remained silent when he was warned of his rights after being captured and brought back to the bank.

The law prohibits improper comment upon the exercise of the right to silence or any other invocation of the right against self-incrimination. What is proscribed are attempts by the state to infer or encourage the jury to infer guilt from that exercise. Thus, the state may not use against an accused the fact that he stood mute or claimed his privilege. *Reid v. State,* 129 Ga. App. 660 (5) (200 SE2d 456).

In the context of this case, it is clear that the witness was explaining the circumstances leading up to the actual confession and pointing out that though appellant was warned of his rights at both the bank and the police station, the actual confession occurred at the police station and not at the bank. The state did not rely upon appellant's silence but upon his properly admitted confession. Under these facts appellant cannot validly

complain the state was making an unauthorized comment on his silence with a view toward inferring guilt.

3. In the third enumeration, appellant asserts the trial court erred in denying a mistrial and a new trial based upon prejudicial comment by the prosecutor in his opening statement.

The substance of the allegation is that the prosecutor stated the evidence would show the two guards in the bank saw appellant leaving the bank, pursued him without ever losing sight of him, apprehended appellant and returned him to the bank premises. While both guards were listed as prosecution witnesses only one was called by the state. Appellant complains that the failure to call the second guard implied the existence of additional evidence and at the same time denied or curtailed the accused's right of confrontation.

An examination of the transcript reflects that the state offered evidence to support each of the particulars of its opening statement. The one guard called, as well as witnesses who observed the chase on the street and the occurrences in the bank, established the substance of the state's opening assertions. All of this testimony was admitted substantially without objection.

Appellant may not now be heard to object to the failure of the state to present evidence from a witness, where the same evidence has been presented by other witnesses without objection. *Prater v. State,* 135 Ga. App. 341, 343 (217 SE2d 644). See also: *Reid v. State,* 129 Ga. App. 660, 663, supra. There was no obligation for the state to call every witness, particularly where the additional evidence apparently would be cumulative only. The enumeration is without merit.

4. In his final enumeration of error, appellant complains the trial court erred in refusing to charge on the lesser offense of theft by taking. There was no error in refusing such a charge. Appellant denied the crime, asserting he was an innocent bystander caught up in the swirl of circumstances. The state's evidence reflected not a forcible taking accomplished by the use of deadly weapon (typically an armed robbery) but a surrender by the victim of the money out of fear (robbery by intimidation). See *Long v. State,* 12 Ga. 293, 327. There was no other

evidence. Since the state's evidence clearly warranted a charge on robbery by intimidation, which was given, and there was no evidence of the lesser offense of theft by taking, there was no error in failing to give the requested charge. *Shepherd v. State,* 234 Ga. 75, 78 (3) (214 SE2d 535); *Lumpkin v. State,* 136 Ga. App. 828.

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

ARGUED JANUARY 5, 1976 — DECIDED JANUARY 23, 1976 — REHEARING DENIED FEBRUARY 13, 1976.

*John Thomas Chason,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys,* for appellee.