## 30657. JACKSON v. THE STATE.

Gunter, Justice.

The appellant was convicted for having committed armed robbery and has sought review here. The trial began with two defendants, the appellant and Robert Lott; during the course of the trial Lott entered a guilty plea; and the trial was concluded with the appellant as the only defendant.

Seven errors are enumerated, but only two of them that are interrelated require treatment in this opinion. Because of these two errors, the conviction must be reversed.

The third enumerated error complains of the admission into evidence over proper objection of a statement made by Lott in the presence of appellant that incriminated appellant. Appellant had been administered the Miranda warnings, had elected not to waive his rights, was without counsel, and remained silent when the incriminating statement by Lott was made in his presence and in the presence of the testifying officer.

Neither Lott nor the appellant testified at the trial.

The sixth enumerated error complains of a part of the charge of the court relating to the incriminating statement made by Lott in the presence of appellant. A portion of the complained-of charge reads: "It is the contention of the State that a confession was made by the named defendant Robert Lott, Jr., to the police officer

which amounted to a confession in the presence of this defendant, Kenneth Jackson. It will be for you to determine from the testimony whether or not that defendant made an admission amounting to a confession in the presence of this defendant. You will determine that from the testimony in the case."

The testimony of the officer, the contents of Lotts' confession which also incriminated appellant, was inadmissible, and its admission over proper objection constituted reversible error. *Hill v. State,* 232 Ga. 800 (209 SE2d 153) (1974); *Rosborough v. State,* 209 Ga. 362 (72 SE2d 717) (1952); Doyal v. Ohio, —- U. S. —- (1976).

Since the incriminating statement made by Lott was inadmissible, and since Lott was not a defendant in the case at the time of the charge to the jury, that part of the charge to the jury quoted above was also prejudicial to the appellant and constituted reversible error. Bruton v. United States, 391 U. S. 123 (1967).

*Judgment reversed. All the Justices concur, except Nichols, C.J., Jordan and Hall, JJ., who dissent.*

SUBMITTED DECEMBER 29, 1975 — DECIDED JUNE 30, 1976 —
REHEARING DENIED JULY 15, 1976.

*Boatright & Boatright, J. Laddie Boatright,* for appellant.

*Glenn Thomas, Jr., District Attorney, Richard W. Littlefield, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.

HALL, Justice, dissenting.

It is clear that the admission of his co-conspirator's confession against Jackson violated Code Ann. § 38-414. It does not necessarily follow that all violations of this statute also violate the Bruton rule. But assuming without deciding that this violation did offend Bruton, reversal is not required on these facts.

"The mere finding of a violation of the Bruton rule in the course of the trial . . . does not automatically require reversal of the ensuing criminal conviction . . . we must

determine [the issue] on the basis of 'our own reading of the record and on what seems to us to have been the probable impact . . . on the minds of an average jury.' Harrington v. California [395 U. S. 250]. In Bruton the court pointed out that '[a] defendant is entitled to a fair trial but not a perfect one.' . . Thus unless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction, reversal is not required." Schneble v. Florida, 405 U. S. 427, 430, 432 (1972). For a later decision holding a Bruton violation harmless, see Brown v. United States, 411 U. S. 223 (1973). Harmless error was also found on an inadmissible confession in Milton v. Wainwright, 407 U. S. 371 (1972).

Lott's statement to the police was merely cumulative to other legal testimony. The evidence of guilt is overwhelming in this case. The victim of the armed robbery positively identified the appellant and Lott as the two men who robbed and attacked him.

I would affirm the conviction.

I am authorized to state that Chief Justice Nichols and Justice Jordon concur in this dissent.