## 52753. SMITH v. THE STATE.

CLARK, Judge.

Defendant presents five enumerations of error in his appeal from a conviction for possession and sale of amphetamines in violation of the Georgia Controlled Substances Act. We deal with each in sequence.

1. Prior to trial defense counsel moved under Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963) for disclosure of information in the state's possession possibly favorable to the accused. Pursuant to this request the district attorney disclosed the name of the informant and stated that no offers, deals or promises were made to him. Defendant asserts, however, that the state in fact suppressed information of an understanding or agreement between the state and its informant for leniency in another case pending against him in exchange for this testimony. See *Rini v. State,* 235 Ga. 60 (218 SE2d 811).

Evidence adduced during the trial disclosed that prior to the informant's undercover activity in the present case he had been arrested on a drug charge by the same prosecuting GBI agent in the case sub judice and that no further action had been taken on that charge. Our review of the trial transcript reveals defense counsel were aware

of the informant's history of drug offenses and knew of his arrest and the lack of prosecution thereon.

Both the prosecution and defense questioned the informant and the GBI agent about the informant's past criminal record. They also interrogated these witnesses as to the existence of any deals, arrangements or understandings concerning leniency or reward in exchange for the informant's testimony. Both witnesses answered the latter inquiries in the negative. The informant further testified that he hoped his testimony would help him in his own case.

The jury was aware therefore that the informant had a history of convictions for drug violations and that prior to his activity in this case he had been arrested by the same prosecuting GBI agent on a drug charge for which he had not been prosecuted. "The issue of credibility was thus before the jury and the jury could not have been unaware that the witness had assisted the officers in making the purchases of drugs and was assisting the state by presenting his evidence." *Cauley v. State,* 130 Ga. App. 278, 296 (203 SE2d 239). See *Echols v. State,* 231 Ga. 633 (1) (203 SE2d 165); *Morris v. State,* 228 Ga. 39 (10) (184 SE2d 82); *Cauley v. State,* 134 Ga. App. 310 (1) (214 SE2d 402).

Moreover, defendant has not shown any evidence that an agreement or understanding existed. The record and the transcript of evidence refute any contention of a deal. See *Eades v. State,* 232 Ga. 735, 736 (208 SE2d 791).

Accordingly, the first enumeration of error is without merit.

2. Defendant next contends that the court's charge on entrapment was erroneous and prejudicial. This is without merit. Considering the charge on entrapment in its entirety, it was a correct statement of the law. See *Rucker v. State,* 135 Ga. App. 468 (3) (218 SE2d 146); *Gibson v. State,* 133 Ga. App. 68, 69 (2) (209 SE2d 731).

3. During its case in chief the state asked its prosecuting witness, GBI agent Davis, what was his next "involvement in the investigation" following the physical arrest of the defendant. After narrating some events concerning the taking of the defendant into custody, Agent Davis continued "I attempted to interview him by

asking him did he have anything that he would like to talk to us about. I also explained to him that he didn't have to talk to us, and he decided not to talk to us. So the attempt to interview him was . . ." At this point defense counsel objected and moved for a mistrial. The court sustained the objection, overruled the motion for a mistrial, directed the district attorney not to pursue that line of inquiry, and directed the jury to disregard the answer given by the witness.

Defendant contends that a mistrial should have been granted because the witness' remark was an improper comment on defendant's right to remain silent during custodial interrogation and was therefore highly prejudicial to his right to a fair and impartial trial.

In *Lowe v. State,* 136 Ga. App. 631 (2) (222 SE2d 50) this court was concerned with the propriety of cross examining a defendant about his failure to tell police at the time of his arrest facts supportive of his claim of his innocence. Relying on United States v. Hale, 422 U. S. 171 (95 SC 2133, 45 LE2d 99) (1975) we held that the questioning of the defendant, under the facts in that case, was irrelevant and highly prejudicial in that it imported to the jury an indication of the defendant's guilt because he was silent when first questioned although presently claiming to be innocent. "[T]his type of examination raises serious constitutional questions involving a defendant's Fifth Amendment right to remain silent following arrest. Additionally, the allowance of this type of examination undermines the requirements of Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694), and curtails the due process rights otherwise afforded to criminal defendants." *Lowe v. State,* 136 Ga. App. 636, supra.

In both *Lowe* and Hale, supra, the facts involved an improper examination at trial of a criminal defendant. In Hale there was an improper attempt to impeach the defendant on his defense of alibi because the government had failed initially to "establish a threshold inconsistency between silence at the police station and later exculpatory testimony at trial, . . ." 422 U. S. 176. Compare *Johnson v. State,* 235 Ga. 355 (219 SE2d 430). In *Lowe* the state's attempt to impeach the defendant was similarly im-

proper. Moreover, the trial court in that case had not given any curative instructions to the jury.

"Evidence as to silence on the part of the defendant at the time of his arrest should be excluded when objected to, for he is then entitled to remain silent, and the prosecution may not use against him the fact that he stood mute or claimed his privilege." *Reid v. State,* 129 Ga. App. 660, 664 (5) (200 SE2d 456). See *Jacobs v. State,* 137 Ga. App. 592 (2) (224 SE2d 462). This principle of law is applicable here.

Unlike Hale and *Lowe,* the improper comment here was made during a narrative on the part of the GBI agent in the telling of a course of events. The remark was apparently not intended to nor did it have the effect of being probative on the guilt or innocence of the defendant. This portion of the answer was immediately objected to and the objection sustained. Thereupon, the court warned both the witness and the district attorney to desist from that line of inquiry, and immediately gave curative instructions to the jury. At most the erroneous comment must be considered to have been of minimal effect with no adverse impact upon the defendant's right to a fair and impartial trial.

Resolution of this question in the manner urged by defendant would have the effect of creating an ironclad rule that any reference (even unwitting or harmless) to an accused's silence at time of arrest requires the grant of a new trial. That is not—nor should it be—the law. However, trial courts must not permit an over-zealous law enforcement officer to use the absence of an arbitrary decision by the appellate courts to inhibit an accused's free exercise of his right to remain silent and effectively deny his right to a fair trial. Although *Lowe,* supra, concerned specific facts or attempted impeachment of a defendant, the letter and spirit of that decision should guide trial judges in every instance where a defendant's exercise of the right to remain silent and his right to a fair trial are put in jeopardy by either improper questions, answers or comments.

Under the facts in this case, however, no reversal is required because we find that the defendant was not harmed.

4. After the rule of sequestration was invoked the trial court permitted the state upon request to keep its nominal prosecutor, the GBI agent, in the courtroom to assist the district attorney in his presentation of the case. The court did not require that the state use the agent as its first witness and permitted him to testify after the state's other witnesses had done so. It was within the sound discretion of the trial court to allow this exception to the rule of sequestration, and no abuse of that discretion has been shown. See *Jarrell v. State,* 234 Ga. 410 (6) (216 SE2d 258); *McNeal v. State,* 228 Ga. 633 (4) (187 SE2d 271); *Walker v. State,* 132 Ga. App. 274 (2) (208 SE2d 5); *Durham v. State,* 129 Ga. App. 5 (2) (198 SE2d 387). Enumeration of error 4 is without merit.

5. There was ample evidence to support the jury's verdict of guilty. Enumeration of error 5 on the general grounds is therefore without merit.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 22, 1976 — DECIDED OCTOBER 18, 1976 — REHEARING DENIED NOVEMBER 10, 1976 —

*Erwin Mitchell, Terry L. Miller,* for appellant.
*Samuel J. Brantley, District Attorney, Dean B. Donehoo, Assistant District Attorney,* for appellee.

ON MOTION FOR REHEARING.

Appellant contends that in Division 3 we overlooked the cases of Doyle v. Ohio, 423 U. S. 823 (96 SC 2240, 49 LE2d 91) (1976) and *Jackson v. State,* 237 Ga. 264 (227 SE2d 245) and that these decisions require a different result. In both of these cases improper testimony of post-arrest silence was admitted into evidence over objection, and in *Jackson* the trial court instructed the jury that they could consider the confession of one defendant made in the presence of his silent co-defendant. Neither of these decisions is controlling in the case sub judice because the improper unsolicited remark herein made was immediately stricken from the record and curative instructions given the jury. Unlike the defendants in Doyle and *Jackson,* the appellant was not

prejudiced nor harmed.

Accordingly, the judgment is adhered to.

*Motion for rehearing denied.*