67028. KEATON v. THE STATE.

SHULMAN, Presiding Judge.
Appellant was convicted of two counts of violating the Georgia Controlled Substances Act. The evidence adduced at trial revealed

that appellant became acquainted with a GBI undercover agent at a combination bar and arcade, and that on two separate occasions appellant arranged for the agent to buy marijuana from a third party. Appellant bases his appeal on the contention that the trial court erred in giving an instruction to the jury regarding the "good faith" of a police officer in connection with appellant's entrapment defense. Appellant also alleges error in the trial court's refusal to give a requested jury charge pertaining to the definition of a "sale."

1. Appellant argues that the following jury instruction given by the trial court was an inaccurate statement of the law of entrapment: "If an officer of the law has reason to believe that the law is being violated he or she may proceed to ascertain whether those who are thought to be doing so are actually committing a criminal offense. If an officer acts in good faith in the honest belief that the defendant is engaged in unlawful conduct of which the offense charged in the indictment is a part, and the purpose of the officer is not to induce an innocent man to commit a crime, but to secure evidence upon which a guilty man can be brought to justice, the defense of entrapment is without merit." Appellant asserts that this charge engrafts a "good faith" exception to the entrapment defense codified as OCGA § 16-3-25 (Code Ann. § 26-905). However, this contention is controlled adversely to appellant by *Rucker v. State,* 135 Ga. App. 468 (3) (218 SE2d 146), where a charge almost identical to the one given in the present case was expressly approved by this court. See also *Cherry v. State,* 98 Ga. App. 107, 110 (104 SE2d 694), and *Sutton v. State,* 59 Ga. App. 198, 200 (200 SE 225). Accordingly, this enumeration is without merit.

2. At trial appellant requested that the court issue an instruction to the jury defining a "sale" as it is narrowly delineated in the Commercial Code of this state (OCGA § 11-2-106 (Code Ann. § 109A-2—106)). Appellant's insistence on this charge stemmed from his contention that he never personally sold the agent the marijuana. The court's refusal to issue the instruction is enumerated as error. The fact that appellant may not have been a party to the actual sale of the marijuana is not determinative of his guilt. It has been held that one may be convicted of selling marijuana even if he only acts as a procuring agent for another. *Lucas v. State,* 165 Ga. App. 468 (302 SE2d 121). Therefore, the specific definition of a sale is not particularly relevant to the facts of the present case. Even so, we believe it is important to note that this court has recently observed that "[t]he term 'sale' is generally given a broader definition in the drug context than in other fields of law . . ." *Robinson v. State,* 164 Ga. App. 652, 654 (297 SE2d 751). It follows that the trial court's denial of

appellant's requested charge was not error.

3. The remaining enumerations involve other jury instructions requested by appellant that were not given verbatim by the trial court. However, it appears from the record that the court substantially covered the same principles embodied in those charges in other instructions to the jury. Therefore, appellant's remaining enumerations are without merit. *Caldwell v. State,* 167 Ga. App. 692 (6) (307 SE2d 511).

*Judgment affirmed. McMurray, C. J., and Birdsong, J., concur.*

DECIDED JANUARY 4, 1984 —
REHEARING DENIED JANUARY 17, 1984 — 

*Gerald P. Word,* for appellant.
*Arthur E. Mallory III, District Attorney, Robert H. Sullivan, Assistant District Attorney,* for appellee.