## 48019. BROWN v. THE STATE.

HALL, Presiding Judge. Defendant appeals from his conviction for burglary and from the denial of his motion for a new trial.

1. The state's motion to dismiss the appeal is denied. Whatever may

have been the understanding or intentions of the parties or the trial court (which rendered the final order on November 2,1972), the record shows that judgment was not entered until January 5, 1973, and therefore defendant's notice of appeal was timely. *Langdale Co. v. Day,* 115 Ga. App. 30 (1) (153 SE2d 671).

2. Defendant contends the admission of a photograph of him taken some four months after the crime was erroneous as there was no evidentiary connection made between the identity of the person who was seen leaving the burglarized premises and the person depicted in the photograph. However, the state tendered and the court admitted the photograph for the limited purpose of showing a continuity of identification because the defendant's appearance had changed substantially by the time of trial. A foundation for the admission of the photograph was also properly laid.

3. Defendant also contends the court erred in admitting certified records of a Tennessee court showing he had entered a guilty plea to a charge of receiving stolen goods. It was admitted in rebuttal to a portion of defendant's statement which, we would agree with defendant, could not be construed to authorize rebuttal of such a prejudicial nature. However, in his *own* statement and under questioning by his *own* lawyer, the defendant willingly admitted to the *same information* contained in the document. We cannot see how admission of the paper itself could be harmful under these circumstances. There is additionally the civil principle, equally applicable in a situation such as this, that even erroneous admission of evidence will not be grounds for reversal if the same evidence was admitted elsewhere without objection. *Clemones v. Alabama Power Co.,* 107 Ga. App. 489 (130 SE2d 600).

*Judgment affirmed. Evans and Clark, JJ., concur.*

SUBMITTED APRIL 4, 1973 — DECIDED MAY 29, 1973.

*William T. Boyett,* for appellant.
*Samuel J. Brantley, District Attorney,* for appellee.