### 68573. MILLINE v. THE STATE.
(323 SE2d 678)

BENHAM, Judge.

Appellant was convicted of the molestation of his wife's 11-year-old sister.

1. Part of appellant's defense strategy was to imply that his wife's brother was actually the perpetrator of the offense. That defense was pursued through cross-examination of appellant's wife and through the testimony of appellant and his sister. During cross-examination of appellant, the prosecuting attorney asked appellant whether he had told the police about his theory that his wife's brother had molested the victim. Defense counsel moved for a mistrial on the ground that the prosecuting attorney had made an impermissible reference to appellant's exercise of his right to remain silent. The denial of that motion is enumerated as error.

The record reveals that appellant did not avail himself of the right to remain silent immediately upon his arrest, but attempted to explain his flight from the scene of the crime. Under those circumstances, the State's question "was not an impermissible comment on the appellant's right to remain silent, because the evidence showed the [appellant] did not remain silent . . . If appellant has recently manufactured self-serving and exculpatory evidence, the jury surely was entitled to know of that possibility and weigh it in their deliberations. [Cits.]" *Brown v. State*, 167 Ga. App. 61 (4) (305 SE2d 870) (1983). See also *Johnson v. State*, 235 Ga. 355 (219 SE2d 430) (1975).

2. In his second enumeration of error, appellant complains of the trial court's jury instruction on identification, arguing that since there was no issue of identification in the case, the jury could have been confused by the charge. Our review of the record, however, indicates

that there was evidence raising an issue of identification, especially the evidence elicited by appellant in the course of his effort to substitute his brother-in-law as the wrongdoer in the case. "It is well established that an instruction is not inapplicable where there is any evidence, however slight, on which to predicate it. [Cit.] To justify a charge on a given subject, it is not necessary there should be compelling evidence giving rise to that point; it is enough if there be something from which a legitimate process of reasoning can be drawn from it by the jury. [Cit.] The trial court did not err in giving the charge of which complaint is made." *Williams v. State*, 156 Ga. App. 17 (2) (274 SE2d 71) (1980).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 29, 1984.

*Derek H. Jones*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys*, for appellee.