## A89A0275. BURTON v. THE STATE.
### (383 SE2d 187)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of one count of rape, three counts of aggravated sodomy, and three counts of kidnapping. He appeals from the judgments of conviction and sentences that were entered by the trial court on the jury's guilty verdicts.

1. Appellant enumerates the general grounds. The jury was authorized to believe the victims, who identified appellant as the perpetrator of the offenses, rather than appellant's witnesses, who provided him with an alibi. "[T]he jury is not bound to accept the evidence introduced of alibi as true; the jury determines the credibility of the witnesses and weight to be given their testimony. [Cits.] On the basis of the evidence presented, a rational trier of fact could have found appellant guilty beyond a reasonable doubt. [Cits.]" *Bragg v. State*, 175 Ga. App. 640, 642 (1) (334 SE2d 184) (1985).

2. A so-called "similar" crime occurred after appellant's arrest and during his incarceration. Appellant subpoenaed the victim of this subsequent crime and the detective who was investigating it. The State filed a motion in limine, seeking to exclude the witness' testimony. The trial court granted the State's motion and appellant enumerates this evidentiary ruling as error.

" 'In the trial of an accused, it is always proper and relevant for the accused to introduce evidence to show that someone else, and not the accused, is the guilty party.' [Cit.]" *Bell v. State*, 227 Ga. 800, 806 (3) (183 SE2d 357) (1971). Nothing in the proffer that was made by appellant, however, would indicate that the perpetrator of the subsequent "similar" offense was also the perpetrator of those crimes for which appellant was being tried and that appellant had been misidentified by the victims. Compare *Holt v. United States*, 342 F2d 163 (5th Cir. 1965). The most that appellant's proffer showed was that, subsequent to the commission of the crimes for which he was to be tried, someone, who bore no close physical resemblance to him, had employed a similar modus operandi in the commission of a crime. Evidence merely that a subsequent "copy cat" crime had been committed by someone else would not cast doubt upon the credibility of the identification of appellant that had been made by the victims of those crimes for which appellant was being tried. Since the excluded testimony was neither relevant nor material to appellant's guilt or innocence, the trial court did not err in excluding it. It necessarily follows that the trial court did not err in holding that the two witnesses

would not be required to honor appellant's subpoenas.

3. Over appellant's objection, the sheriff was allowed to remain in the courtroom throughout the trial. Appellant enumerates the overruling of his objection to the presence of the sheriff as error.

The sheriff is an officer of the court and, regardless of the absence of an asserted need by the State for the presence of the sheriff, the trial court may, on its own initiative, allow him to remain in the courtroom. See generally *Childs v. State*, 257 Ga. 243, 251 (11) (357 SE2d 48) (1987). See also *Massey v. State*, 220 Ga. 883, 895 (6) (142 SE2d 832) (1965) (officers allowed to remain in courtroom for reasons of security); *Childers v. State*, 130 Ga. App. 555, 556 (2) (203 SE2d 874) (1974) (sheriff permitted to stay in courtroom for reasons of security). If the trial court is authorized to allow the sheriff to remain in the courtroom and testify when the rule of sequestration is invoked, the trial court is certainly authorized to allow the sheriff to remain in the courtroom where, as here, the sheriff never takes the stand. There was no error.

4. During direct examination, the State asked an officer whether he had spoken with appellant after arrest but before the *Miranda* warnings had been given. The witness responded: "I asked [appellant's] attorney if he would allow me to speak to [appellant]. He said he would not." Appellant objected to this testimony as an impermissible comment on his right to remain silent. The trial court's overruling of this objection is enumerated as error.

There is considerable doubt whether the officer's testimony constituted an impermissible comment on appellant's right to remain silent. See *Dixon v. State*, 144 Ga. App. 27, 29 (5) (240 SE2d 302) (1977). However, even assuming that it was, the error was harmless. "The comment of the witness was not directed to any particular statement or defense offered by the appellant. . . . Furthermore, the comment on . . . remaining silent was made during a narrative on the part of the authorities of a course of events. The remark apparently was not intended to, nor did it have the effect of, being probative on the guilt or innocence of the defendant. [Cit.] To reverse a conviction, the evidence of the defendant's election to remain silent must point directly at the substance of the defendant's defense or otherwise substantially prejudice the defendant in the eyes of the jury. No such situation exists here. [Cits.]" *Cape v. State*, 246 Ga. 520, 523 (2) (272 SE2d 487) (1980).

5. Appellant cites two other instances wherein allegedly impermissible comments on the right to remain silent were made. Both occurred during appellant's cross-examination. The record shows that, in one of the cited instances, appellant objected and moved for a mistrial. After a colloquy between the trial court and counsel, however, appellant withdrew his motion. Accordingly, nothing is presented for

review as to this instance.

On the other occasion, appellant was asked whether, during the course of his preliminary hearing, he had related a certain exculpatory fact. Before appellant could answer, his counsel objected. Outside of the presence of the jury, a long colloquy ensued and the trial court did eventually overrule the objection. However, the State did not pursue the topic and the question was never answered by appellant. Because the question was never answered, it is unclear whether appellant had or had not actually testified at his preliminary hearing. However, as it was phrased, the unanswered question did not suggest that appellant had *failed* to testify at the preliminary hearing. To the contrary, it suggested that appellant *had* testified, but had not divulged the exculpatory fact at that time. If that were the case, the question concerning appellant's silence would be an entirely permissible inquiry. See *Brown v. State*, 167 Ga. App. 61, 63 (4) (305 SE2d 870) (1983); *Milline v. State*, 172 Ga. App. 468 (323 SE2d 678) (1984). Had the State elicited testimony whereby the jury was unequivocally apprised that appellant had remained *totally* silent at the preliminary hearing, an entirely different question would be presented. Under the existing circumstances, however, the ambiguous unanswered question did not impermissibly "focus on [appellant's] silence or suggest that [appellant] had asserted his right to remain silent [during the hearing]." *Duck v. State*, 250 Ga. 592, 595 (1) (300 SE2d 121) (1983). There was no reversible error in overruling the objection to the unanswered question. See generally *Cape v. State*, supra.

6. Appellant moved for a mistrial based upon the State's asserted failure to comply with the discovery provisions of OCGA § 17-7-211. The denial of this motion is enumerated as error.

A mistrial is not the remedy for a violation of OCGA § 17-7-211. "Failure by the prosecution to furnish the defendant with a copy of any written scientific report, when a proper and timely written demand has been made by the defendant, shall result in such report being *excluded and suppressed from evidence* in the prosecution's case-in-chief or in rebuttal." (Emphasis supplied.) OCGA § 17-7-211 (c). The reports that are here in issue were those medical reports which were made by the physicians and nurses who examined the victims. These reports were never introduced into evidence and no testimony based upon those reports was ever admitted. Accordingly, even assuming that there was a violation of OCGA § 17-7-211, there was no reversible error because the reports were, in effect, excluded and suppressed from evidence.

Appellant also urges that the failure to provide him with the medical reports was a violation of his pre-trial *Brady* motion. When appellant first raised the issue of the medical report however, the State informed the trial court that the reports were not and had never

been in its files. Accordingly, there was no violation of *Brady*. See *Hines v. State*, 249 Ga. 257, 258 (1) (290 SE2d 911) (1982); *Gann v. State*, 166 Ga. App. 172, 174 (1) (303 SE2d 510) (1983).

7. Appellant enumerates as error the admission into evidence of a certain drawing. The record shows that an almost identical drawing was admitted into evidence without objection. Accordingly, there was no reversible error. "[E]ven erroneous admission of evidence will not be grounds for reversal if the same evidence was admitted elsewhere without objection. [Cit.]" *Brown v. State*, 129 Ga. App. 152, 153 (3) (198 SE2d 909) (1973).

8. Appellant urges that the verdicts are inconsistent. However, the inconsistent verdict rule in criminal cases has been abolished by our Supreme Court. See *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986). If that rule is to be readopted as a viable principle of law, it is the Supreme Court, not this court, that must act.

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 6, 1989.

*Hagler, Hyles & Badcock, Richard C. Hagler*, for appellant.

*William J. Smith, District Attorney, Douglas C. Pullen, Bradford R. Pierce, Assistant District Attorneys*, for appellee.