## S09A0056. SHEPPARD v. THE STATE.
### (673 SE2d 852)

THOMPSON, Justice.

Defendant Annie Grace Sheppard was convicted of malice murder in connection with the death of Arlisha Lafronda Smith.[1] She appeals, asserting, inter alia, that the prosecutor improperly commented on her right to remain silent. Finding no error, we affirm.

1. Defendant and the victim were involved in a romantic relationship. The victim lived with her mother. One morning, the victim told her mother that she was leaving for work and that defendant would be coming by to collect a bag of belongings. When the victim went outside, she encountered defendant and screamed. The victim's mother saw the victim and defendant on the porch of an apartment next door. She heard the victim yell, "[s]he's got a gun

---

[1] The crime occurred on May 31, 1999. Defendant was indicted and charged with malice murder and felony murder. Trial commenced on November 5, 2001. The jury returned a guilty verdict on November 13, 2001. The trial court sentenced defendant to life imprisonment for malice murder; the felony murder count was vacated by operation of law. Defendant filed a motion for new trial on December 11, 2001, which she amended on February 6, 2008. The motion was denied on February 11, 2008, and defendant filed a notice of appeal on March 7, 2008. The case was docketed in this Court on September 11, 2008, and submitted for decision on the briefs on November 3, 2008.

mama!" Then she saw defendant shoot the victim, who fell to the ground. Several others witnessed the shooting.

Defendant told the victim's mother that she shot the victim, adding "I told her not to f___ with me. I told her to leave us alone." When police arrived, defendant yelled, "Here I am, I shot her, you're looking for me." She also told police, "I shot her because she cheated on me." She was carrying a gun in each hand.

At trial, defendant testified that she did not remember what happened at the time of the shooting. She raised a battered person syndrome defense, and introduced expert testimony that she believed she needed to use deadly force to defend herself.

The evidence was sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "The jury was not required to believe the testimony of the defense witnesses who supported the battered-person claim, but it was authorized to find, instead, that [defendant] intentionally shot the victim under circumstances which did not constitute self-defense." *Austin v. State*, 275 Ga. 346 (1) (566 SE2d 673) (2002).

2. During closing argument, the prosecutor said:

[Defendant] basically [stated] at that time — I shot her because she cheated on me. . . . There wasn't one mention of anything, that [the victim] had done anything to her on that day or all these days, every single one of them, whether it was there at the scene, whether it was heard by a police officer, whether it was heard by someone else. . . . There was not one — and in this videotape of her booking there, there was not one mention of anything about — I believed that she was doing anything to me. I believed she was going to kill me; I believed this right here or I believed this right here. I shot her because she was cheating on me. I killed her.

Defendant asserts the prosecutor's argument constituted an improper comment on defendant's constitutional right to remain silent because it implied that defendant should have come forward with a different reason for killing the victim at the time of her arrest and interrogation. We disagree. The prosecutor did not comment on defendant's right to remain silent. He simply made note of the fact that defendant offered different reasons for killing the victim at the time of her arrest and at trial. *Rogers v. State*, 256 Ga. 139, 146 (10) (344 SE2d 644) (1986); *Watkins v. State*, 160 Ga. App. 9, 11 (5) (285 SE2d 758) (1981).

3. The trial court did not abuse its discretion in admitting pre-autopsy photographs of the victim in the triage room of the

hospital. The photographs showed the injuries inflicted on the victim and dirt on her body, which corroborated testimony that she fell to the ground when she was shot. The photographs were admissible even though they depicted medical instruments attached to the victim's body, *Tarvin v. State*, 277 Ga. 509, 512 (7) (591 SE2d 777) (2004), and even though other photographs were sufficient to illustrate the victim's wounds. *Roberts v. State*, 282 Ga. 548, 552 (9) (651 SE2d 689) (2007).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 9, 2009.

*Thomas J. Killeen*, for appellant.
*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney, Thurbert E. Baker, Attorney General, Christopher R. Johnson, Assistant Attorney General*, for appellee.