S09A1065. STRINGER v. THE STATE.
(684 SE2d 590)

CARLEY, Presiding Justice.

After a jury trial, Chaz Gregory Stringer was found guilty of two alternative counts of the felony murder of Victor Manuel Gallegos-de la Rosa, two separate counts which charged the underlying felonies of attempted armed robbery and aggravated assault with a deadly weapon, one count of aggravated assault with intent to rob against Edgar Israel Garcia-Gallegos, and two counts of possession of a firearm during the commission of a felony. Treating the alternative

count charging felony murder while in the commission of aggravated assault as surplusage and merging the underlying felonies, the trial court entered judgments of conviction for all remaining counts and imposed sentences of life imprisonment for the one count of felony murder, a concurrent twenty-year term for the aggravated assault of Garcia-Gallegos, and consecutive five-year terms for the two weapons offenses. A motion for new trial was denied, and Stringer appeals.*

1. Construed most strongly in support of the verdicts, the evidence shows that Stringer, wearing a mask, entered Garcia's Restaurant after the evening's last customer had left. Stringer pointed a pistol at Gallegos-de la Rosa, who was working at the restaurant, and demanded money. When Gallegos-de la Rosa pushed the pistol away, Stringer said, "Do you think it is a game?" He then fatally shot Gallegos-de la Rosa and left the restaurant without taking any money. Garcia-Gallegos was present during the shooting and later identified Chaz Gregory Stringer in court as the gunman. The evidence was sufficient for a rational trier of fact to find Stringer guilty of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Willingham v. State*, 281 Ga. 577 (642 SE2d 43) (2007).

2. Stringer contends that the trial court erred in denying a motion to suppress his custodial statement, because he was illegally arrested without probable cause.

> " 'On reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment and the trial court's findings on disputed facts and credibility must be accepted unless clearly erroneous. (Cit.)' (Cit.)" [Cit.]

*Smith v. State*, 281 Ga. 185-186 (2) (640 SE2d 1) (2006). The evidence supports the following findings by the trial court: Several individuals mentioned Stringer's name to police officers as someone who might have been involved in the shooting, and Stringer's father asked whether he was involved. After a caller claimed that several individuals were at a particular house discussing the shooting, officers knocked on the front door of the house and informed the owner why they were there. While they were talking, Deputy Kelly

---

* The crimes occurred on June 8, 2006, and the grand jury returned an indictment on July 9, 2007. The jury found Stringer guilty on October 20, 2007, and the trial court entered the judgments of conviction on October 29, 2007. The motion for new trial was filed on November 20, 2007 and denied on March 17, 2008. Stringer filed the notice of appeal on March 26, 2008. The case was docketed in this Court on March 19, 2009 and orally argued on September 8, 2009.

Edwards, who was covering the rear of the residence, saw Stringer quietly slipping out the back door. Edwards shined his flashlight at Stringer, drew his gun, pointed it at him, frisked him for weapons, probably handcuffed him, and escorted him to the front of the house. After police officers learned his name, Stringer was asked if he would mind speaking with someone at the police station. Stringer agreed to go and, while he was still at the house, the police discovered that the defendant was subject to a pre-existing juvenile detention order. At the police station, with his mother present, Stringer waived his rights, confessed to shooting Gallegos-de la Rosa in the hand, and accurately sketched out the scene of the shooting. After giving his statement, Stringer was informed that Gallegos-de la Rosa had died. The trial court concluded that, given the totality of the circumstances, the detention by Deputy Edwards did not constitute an arrest, but rather was a second-tier encounter which was justified by reasonable, articulable suspicion.

The officers who approached the house clearly possessed a reasonable suspicion that someone with knowledge of the shooting may be present and could attempt to flee. When Stringer then made "an apparent attempt to evade contact with police[,] . . . [the] initial detention was lawful because it was supported by a reasonable, articulable suspicion of [his] possible role in the murder. [Cit.]" *Johnson v. State*, 272 Ga. 468, 471 (2) (c) (532 SE2d 377) (2000).

> "Flight in connection with other circumstances may be sufficient probable cause to uphold a warrantless arrest or search (cit.); certainly these circumstances gave rise to an articulable suspicion that a criminal act may have been occurring so as to authorize a brief investigatory stop." [Cits.]

*Lee v. State*, 270 Ga. 798, 803 (7) (514 SE2d 1) (1999).

> [I]n sufficiently dangerous circumstances, law enforcement officers may effect and maintain investigatory detentions by drawing weapons [cits.] . . . Viewing the detention within the totality of its circumstances, we conclude that the means of the detention were reasonable and did not transform the investigatory stop into an arrest in light of the danger inherent in approaching and detaining an [evasive] person suspected of committing [attempted] armed robbery and [fatally] shooting a [person]. [Cits.]

*Holsey v. State*, 271 Ga. 856, 861-862 (6) (524 SE2d 473) (1999). See also *Bright v. State*, 265 Ga. 265, 279 (5) (a) (455 SE2d 37) (1995);

*Lewis v. State*, 294 Ga. App. 607, 609-610 (1) (a) (669 SE2d 558) (2008); *State v. Godbolt*, 270 Ga. App. 190, 193 (606 SE2d 278) (2004).

Furthermore, "officers may handcuff a suspect during an investigatory stop when such action is either reasonable under the circumstances to protect themselves or the public, or to maintain the status quo." *Smith v. State*, supra at 187 (2). See also *Gray v. State*, 296 Ga. App. 878, 880 (1) (676 SE2d 36) (2009) ("[I]n sufficiently dangerous circumstances, officers may handcuff a suspect as part of an investigatory detention without transforming the detention into a de facto arrest. [Cit.]"). If Stringer was handcuffed at the time of the detention, that action was reasonable under the circumstances to protect the officers. See *Smith v. State*, supra; *Gray v. State*, supra; *Lewis v. State*, supra.

After Stringer was brought to the front of the house, "there was no need to detain [him] involuntarily, because he consented to go with [an officer] for further questioning." *Smith v. State*, supra. See also *Taylor v. State*, 855 S2d 1, 18 (Fla. 2003). Moreover, even assuming that the investigatory detention was not lawful in every aspect, the evidence shows that the officers learned of the juvenile detention order while Stringer was still in front of the house. This discovery of an outstanding detention order attenuated the connection between the allegedly illegal detention and Stringer's subsequent inculpatory statement. See *Oliver v. State*, 232 Ga. App. 816, 821 (3) (a) (503 SE2d 28) (1998).

Accordingly, we hold that, "[u]nder the circumstances, the trial court was authorized to find that the confession was voluntary and was not the product of an illegal detention. [Cits.]" *Smith v. State*, supra at 188 (2).

3. Stringer also contends that the trial court's denial of the motion to suppress his statement was erroneous because, during the questioning at the police station, an officer told Stringer, "I'm trying to help you." Where, as here, the evidence shows that no promises of lighter punishment were made to Stringer, such an admonition to tell the truth does not constitute the "slightest hope of benefit" under OCGA § 24-3-50 and does not require the exclusion of an inculpatory statement. *Preston v. State*, 282 Ga. 210, 212 (2) (647 SE2d 260) (2007); *State v. Roberts*, 273 Ga. 514, 516 (3) (543 SE2d 725) (2001), overruled on other grounds, *Vergara v. State*, 283 Ga. 175, 178 (1) (657 SE2d 863) (2008); *Lee v. State*, supra at 800 (2).

4. Stringer urges that the trial court erred in denying a motion for mistrial based on the State's cross-examination of him regarding his failure to have informed anyone about the alibi which was presented through his own and other defense testimony.

It was not improper for the prosecutor to cross-examine Stringer

regarding his failure to mention the alibi to officers or others when he made his statement or at any other time before trial. *McMichen v. State*, 265 Ga. 598, 606 (11) (a) (458 SE2d 833) (1995); *Munn v. State*, 263 Ga. App. 821, 826 (8) (589 SE2d 596) (2003).

> The record reveals that [Stringer] did not avail himself of the right to remain silent immediately upon his arrest . . . . Under those circumstances, the State's question[ing] "was not an impermissible comment on [his] right to remain silent, because the evidence showed [that he] did not remain silent[.] . . . If [Stringer] has recently manufactured self-serving and exculpatory evidence, the jury surely was entitled to know of that possibility and weigh it in their deliberations. (Cits.)" [Cits.]

*Milline v. State*, 172 Ga. App. 468 (1) (323 SE2d 678) (1984). See also *Johnson v. State*, 235 Ga. 355 (219 SE2d 430) (1975). Because Stringer "did speak to the officers and others . . . about the shooting[ ], the [State's] questions were proper inquiries into the inconsistency between [his] affirmative statements [subsequent to the crimes] and his testimony at trial. [Cit.]" *McMichen v. State*, supra. See also *Sheppard v. State*, 285 Ga. 36, 37 (2) (673 SE2d 852) (2009). Compare *Reynolds v. State*, 285 Ga. 70 (673 SE2d 854) (2009) (following "the rule of *Mallory v. State*, 261 Ga. 625, 630 (5) (409 SE2d 839) (1991), that the prosecutor may not comment on a defendant's pre-arrest silence").

5. The trial court instructed the jury on the different methods of committing aggravated assault with intent to rob and with a deadly weapon. Stringer asserts that these instructions erroneously expanded the count of the indictment charging aggravated assault with intent to rob, in the absence of any further instruction limiting the jury's consideration of that count to its allegations.

> Where the indictment charges that the defendant committed the offense by one method while the court instructs the jury that the offense could be committed by either of the statutory methods with no limiting instruction, and where there is evidence showing both methods, then there is reversible error. [Cit.]

*Jackson v. State*, 254 Ga. App. 562, 565-566 (3) (562 SE2d 847) (2002), rev'd in part on other grounds, *Curtis v. State*, 275 Ga. 576 (571 SE2d 376) (2002). See also *Arnold v. State*, 271 Ga. 780, 782 (523 SE2d 14) (1999). In this case, however, separate counts of the indictment charged aggravated assault with intent to rob and

aggravated assault with a deadly weapon and, therefore, the trial court was required to instruct the jury on both methods. Furthermore, the trial court charged the jury that "[t]he burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt." The trial court further charged the jurors that if, after considering the evidence together with the instructions, they should find beyond a reasonable doubt that the defendant committed each offense "as described in the indictment, you would be authorized to find the defendant guilty of that particular count . . . ." The indictment was sent out with the jury. Under the circumstances, the charge at issue, when considered in its entirety, did not expand the count of the indictment charging aggravated assault with intent to rob, and instead fairly instructed the jurors that they could convict Stringer of aggravated assault only as charged in each particular count of the indictment. See *Robinson v. State*, 268 Ga. 175, 176 (2) (486 SE2d 156) (1997); *Dumas v. State*, 283 Ga. App. 279, 282 (4) (641 SE2d 271) (2007).

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 2009.

*Brian Steel*, for appellant.
*Lee Darragh, District Attorney, Thurbert E. Baker, Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.