297 Ga. 410
FINAL COPY

S15A0344.  O'CONNELL v. THE STATE.

HUNSTEIN, Justice.

Appellant Brenda O'Connell and her adoptive sister, Catherine O'Connell, were jointly tried for malice murder, felony murder, and aggravated assault stemming from the strangulation death of their adoptive mother, Muriel O'Connell.  A jury found the two sisters guilty on all counts, and we have already affirmed Catherine's convictions.  See O'Connell v. State, 294 Ga. 379 (754 SE2d 29) (2014).  For the reasons that follow, we affirm appellant's convictions as well.[1]

1.  Viewed in the light most favorable to the jury's verdict, the evidence presented at trial showed the following.

---

[1] The crimes occurred on August 6, 2006.  On October 18, 2006, a Gwinnett County grand jury indicted appellant and her sister for malice murder, felony murder, and aggravated assault.  On October 24, 2008, a jury found appellant guilty on all counts.  That same day, the trial court sentenced appellant to life in prison on the malice murder verdict.  The felony murder verdict was vacated by operation of law, and the trial court merged the aggravated assault verdict with the verdict on malice murder. Appellant filed a timely motion for new trial, which she amended on June 7, 2013.  The trial court denied the motion for new trial, as amended, on July 21, 2014. Appellant then filed a timely notice of appeal.  The appeal was docketed to the January 2015 term of this Court and submitted for decision on the briefs.

The victim adopted [Catherine] from a Guatemalan orphanage when [Catherine] was eleven years old. A few years later, the victim adopted a second daughter, [appellant], from the same orphanage. [Appellant] and [Catherine] quickly formed a strong bond with one another, but their respective relationships with the victim began to deteriorate. Over time, the two girls developed substantial behavioral issues. After a number of confrontations with both [appellant] and [Catherine], the victim began to fear for her life.

On the night of the murder, the victim's daughters went to a neighbor's house and knocked on the door. The neighbor testified that [appellant] had a cloth tied around her neck and was gasping for air, but noted that these actions appeared to be staged. After [Catherine] contended her mother tried to choke [appellant], the neighbor went to the victim's house and found the victim dead on the bathroom floor with a butcher knife in her hand. When police arrived, both [Catherine] and [appellant] gave statements alleging the victim attacked [appellant] with a knife. According to the girls, Catherine came to [appellant's] rescue by grabbing the victim around the neck and causing her to faint.

Although [appellant] initially denied staging the crime scene, she eventually admitted to police that she placed the knife in the victim's hand after she was dead. In addition, a medical examiner evaluated both girls and was unable to find injuries to substantiate their claims of self-defense. [Appellant] did not have injuries consistent with strangulation and [Catherine] had only superficial scrapes that were possibly self-inflicted. An autopsy of the victim revealed she sustained multiple head injuries while she was still alive, but the medical examiner determined the cause of death to be strangulation.

O'Connell, 294 Ga. at 379-380.

Viewed in the light most favorable to the verdict, the evidence presented

at trial and summarized above was sufficient to authorize a rational jury to find appellant guilty beyond a reasonable doubt of the crimes of which she was convicted. See Jackson v. Virginia, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979).

2. Appellant's first two enumerations of error — that the trial court erred in denying her Batson[2] challenge to the State's strike of prospective juror Shealise Weaver and that the trial court erred in excluding from evidence details of her traumatic childhood in Guatemala — are identical to enumerations of error raised by Catherine in her appeal. For the same reasons that we concluded that Catherine's enumerations of error were without merit, we conclude that these two enumerations of appellant are without merit. See O'Connell, 294 Ga. at 380-383.

3. Appellant argues that the trial court erred in failing to give her requested charge on felony involuntary manslaughter. See OCGA § 16-5-3 (a). We disagree.

OCGA § 16-5-3 (a) provides that "[a] person commits the offense of

---

[2] Batson v. Kentucky, 476 U. S. 79 (106 SCt 1712, 90 LE2d 69) (1986).

involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony." Appellant requested that the trial court charge the jury on unlawful act involuntary manslaughter based on the underlying misdemeanor of battery. See OCGA § 16-5-23.1 (a) ("A person commits the offense of battery when he or she intentionally causes substantial physical harm or visible bodily harm to another."). The trial court declined to give the charge, and appellant now contends that Catherine's testimony that she strangled her mother in an attempt to pull her off appellant, without any intent to kill her, was evidence of the misdemeanors of reckless conduct and simple battery, requiring the trial court to give the requested charge on unlawful act involuntary manslaughter.[3] See Rogers v. State, 289 Ga. 675, 677 (2) (715 SE2d 68) (2011) (saying that a "'written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense'" (citation omitted)).

---

[3] Appellant did not file a written request to charge on involuntary manslaughter based on the misdemeanor of reckless conduct, see OCGA § 16-5-60, did not orally request such a charge during the charge conference, and did not object to the trial court's failure to give the charge. We will assume, however, for purposes of this appeal that she properly requested the charge.

4

We conclude, however, that even if the trial court erred in failing to charge on felony involuntary manslaughter, with battery and reckless conduct as the underlying misdemeanors, the error was harmless, because there was overwhelming evidence that was inconsistent with the co-defendants' version of events that they caused their mother's death unintentionally. This included evidence that the co-defendants did not have any injuries consistent with their version about the victim's death; appellant initially denied staging the crime scene, but later admitted that she placed the knife in the victim's hand after she died; the victim had multiple bruises on her head that were inflicted while she was alive; the victim had abrasions on her arms and hands that were consistent with defensive injuries; the victim did not have any injuries consistent with a struggle over a knife; the victim died from a sustained strangulation of at least two minutes; and the victim would have lost consciousness within 15 to 30 seconds of the beginning of the strangulation. Given the overwhelming evidence that is inconsistent with appellant's version of events and supports the State's case that the co-defendants acted with malice in killing their mother, any error in failing to charge on involuntary manslaughter was harmless. See Rogers, 289 Ga. at 677 (holding that the trial court erred in failing to charge on

5

involuntary manslaughter but that the error was harmless because "there was overwhelming evidence inconsistent with [the appellant's] version of events, but supportive of the jury's finding him guilty of malice murder").[4]

Judgment affirmed. All the Justices concur.

Decided June 29, 2015.

Murder. Gwinnett Superior Court. Before Judge T. Davis.

Edwin J. Wilson, for appellant.

Daniel J. Porter, District Attorney, Christopher M. Quinn, Dan W. Mayfield, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Andrew G. Sims, Assistant Attorney General, for appellee.

---

[4] Moreover, for these same reasons, even if appellant did not preserve the issue of the trial court's failure to charge on involuntary manslaughter based on the misdemeanor of reckless conduct, see footnote 3, supra, under the plain error doctrine, we conclude that such an instruction would not likely have affected the outcome of the proceedings. See Allen v. State, 290 Ga. 743 (3) (723 SE2d 684) (2012); State v. Kelly, 290 Ga. 29 (2) (718 SE2d 232) (2011).